TABELE *against* TABELE AND OTHERS.

Where, on a bill of foreclosure, the widow of the mortgagor was made a party, and answered, and submitted to the decree of the court, she was held entitled to the use of one third of the surplus proceeds of the sale of the mortgaged premises, remaining in court, after satisfying the mortgage debt, as her equitable dower ; and to her costs, to be paid out of the other *two thirds.* And the one third was ordered to be put out at interest, by the assistant register, for her benefit.

*WILLIAM TABELE* died in *July*, 1808, intestate, and indebted on a promissory note to the plaintiff ; and *John Tabele*, his partner, died in 1810, intestate, and insolvent ; and the firm of *John* and *William Tabele* was indebted to the plaintiff.

The widow of *William Tabele* took out letters of administration on his estate, and has fully administered the assets.

In 1806, *William Tabele*, and his wife, mortgaged his separate property to *Thomas Gardner*, for a debt, which mortgage has been foreclosed in this court ; and the widow and heirs, who were made parties to the bill, appeared, answered, and submitted to the decree. The mortgaged premises were sold under the decree, and the debt paid ; and the *costs* of the widow, in her answer to the bill of foreclosure, were paid out of surplus proceeds of the sale.

The plaintiff now applied to the court for payment of his debt out of the surplus moneys, after first satisfying the mortgage.

The widow claimed her dower in the surplus, but, after deducting her *third*, the remaining two thirds would not be sufficient to pay the plaintiff's demand, if the costs received by the widow were not charged upon her *third*.

1814.
ELLISON
v.
MOFATT.

*Riggs*, for the plaintiff, contended, that the *costs* of the widow's answer ought to be charged on her *third* of the surplus proceeds of the sale.

*Boyd*, contra.

THE CHANCELLOR.  The widow is entitled to the use of one third as the surplus moneys, after satisfying the mortgage debt, as her equitable dower ; the same arising out of the real estate, in which she would have been entitled to her dower, at law, subject to the mortgage.

As she was necessarily made a party, and by her answer, submitted to the court, she was entitled to her costs out of the two thirds of the surplus moneys then in court, without prejudice to her claim of dower out of the gross amount of the surplus.  The costs are not to be charged on her dower fund.  The one third of the surplus must be put out at interest by the assistant register, and the interest paid to the widow.