CASPER MANTZ, ADMINISTRATOR,
vs.                                    } MARCH TERM, 1848.
BUCHANAN ET AL.

[DOWER.]

THERE can be no doubt, that a wife, notwithstanding she joins her husband in a mortgage, may, nevertheless, take her dower in the land subject to the mortgage ; and, that she has a right to redeem, and may call upon the personal representatives of her deceased husband to apply the personal assets to the extinguishment of the mortgage debt, so as to free her dower from the incumbrance.

It is equally clear, that if a wife in Maryland relinquishes her dower in lands mortgaged by her husband, upon private examination, according to the acts of assembly upon the subject, and the lands are sold to satisfy the mortgage debt, whatever may be her right to a proportion of the proceeds of sale, she cannot, as against the purchaser, claim dower in the land.

The claim of a widow for dower is a highly favored one ; and with respect to a devise accepted by her in lieu of it, she is, by the terms of the act of assembly and by judicial decision, regarded as a purchaser for a fair consideration.

Where the widow had received an assignment of her dower in the lands, by a court of competent jurisdiction, and the lands were subsequently sold under a a decree to satisfy the mortgage debt ; it was HELD—that this assignment did not deprive her of the right to be provided for out of the remaining estate of her husband.

The law intends to give the widow one-third of the husband's real estate, by way of dower, and as a provision for her support ; but she takes it subject to liens created prior to the marriage, or to such as she consents to after the marriage, in the mode pointed out by the legislature, and she can take no more.

[On the 22d May, 1830, the late Honorable John Buchanan, of Washington county, being indebted to Casper Mantz, in the sum of ten thousand dollars, in order to secure its payment, with interest, in two years, executed to him a mortgage of the farm on which he then resided; and his wife united in the acknowledgment of the deed, for the purpose of relinquishing her dower. Mantz died in the year 1839, and on the 17th January, 1844, a bill was filed in this court by his administrators, c. t. a., for a sale of the mortgaged premises. A decree was accordingly passed on the 27th February, 1844; and the said Buchanan died in October of the same year, intestate, leaving said mortgage debt still unpaid. In January, 1846, no sale having yet been made under the decree, a bill was filed by George M. Eichelberger, who held as trustee certain judgments against the mortgagor, on behalf of himself and of the other creditors of the mortgagor, against his heirs at law, and the complainants in the first bill; reciting the previous proceedings alleging the sufficiency of the personal estate, and the continuance of the mortgage debt, with interest; and praying that the trustee appointed by the former decree, might proceed to make sale of the mortgaged premises, for the benefit of the creditors of the deceased mortgagor. A decree was passed as prayed, and the property was sold on the 29th of December, 1846. In the month of September of the following year, an order was passed on the petition of Maria S. Buchanan, widow of the deceased mortgagor, allowing her a proportion of the whole of the net proceeds of sale; the residue thereof, after payment of the mortgage debt, appearing amply sufficient for that purpose. But on a petition of Eichelberger in the behalf of creditors, stating that dower in said lands had already been assigned to her by the Washington County Court, sitting as a court of equity, that order was rescinded, and a day fixed for hearing the matters of the two petitions.

The first question presented to the court, for decision, was, whether Mrs. Buchanan was precluded from claiming any share of proceeds of the sale by the proceedings in Washington County Court.

And the second was, whether, if not so precluded, she was entitled to a proportion of the entire net proceeds of the sale regulated by the chancery sale, provided her claim did not affect the mortgage debt, or only to a proportion of the surplus, after satisfying that lien.

To the first of these the Chancellor said :]

THE CHANCELLOR:

It has been argued by the solicitor of the judgment creditor, that Mrs. Buchanan, by the proceeding in Washington County Court, assigning her dower in these lands, has made her election to take in that form, and that she cannot now claim any part of the purchase money. There can be no doubt that a wife, notwithstanding she joins her husband in the mortgage, may nevertheless take her dower in the lands, subject to the mortgage, and that she has a right to redeem and may call on the personal representatives of her deceased husband, to apply the personal assets to the extinguishment of the mortgage debt, so as to free her dower from the incumbrance. 4 *Kent's Com.*, 44 ; 2 *Powell on Mortgages*, 701.

But, it is equally clear, that if a wife, in Maryland, relinquishes her dower in lands mortgaged by the husband, upon privy examination, according to the acts of assembly upon the subject, and the lands are sold to satisfy the mortgage debt, whatever the right of the wife may be, to a proportion of the proceeds of the sale, she cannot, as against the purchaser, claim dower in the land. The principles settled by the Supreme Court of the United States, in the case of *Stelle* vs. *Carroll*, 12 *Peters*, 201, are considered as conclusively establishing this proposition. And such is also shown to be the law in New York, and in several other states, in 4 *Kent*, 44.

It follows, therefore, that notwithstanding the widow of the mortgagor in this case had received an assignment of her dower in the lands by a court of competent jurisdiction, the subsequent sale under a decree to satisfy the mortgage debt, has effectually deprived her of the benefit of the assignment, and that unless she is entitled to a proportion of the purchase money, she can get nothing.

The claim of a widow for dower is a highly favored one, and with respect to a devise, accepted by her in lieu of it, she is, by the terms of the act of assembly, and by judicial decision, regarded as a purchaser for a fair consideration. *Act of* 1798, *ch.* 101, *sub-ch.* 13, *sec.* 5; *Gibson* vs. *McCormick,* 10 *Gill &amp; Johns.,* 67.

Suppose in this case it had happened, that a title paramount to the title of the mortgagor had been outstanding in some third person, and after the assignment of the dower, this title had been successfully asserted, and the doweress turned out of possession, would she not have had a right to be compensated out of the other lands of her husband, if he left any? It is supposed she would, and that the rule applicable to jointures made subsequent to the marriage, from which the widow has been fairly evicted by law, would extend to a doweress legally dispossessed of the lands assigned to her in dower.

It does not clearly appear in this case, of what other lands the mortgagor died seized, though from the language of the mortgage, in describing the premises, as all the lands of the mortgagor lying "south-east of Hagerstown," it is fair to be inferred that he held other lands. Now, presuming such to be the case, and that the widow, by a defect in the title of her husband, had been deprived of the lands assigned her in dower, would not justice require, that some compensation should be made her out of those other lands, or must she be held rigorously to the assignment, be the consequences what they may? There cannot be a question, that, under the act of assembly of 1818, chap. 193, sec. 10, Mrs. Buchanan, would, but for the proceedings on the equity side of Washington County Court, be entitled to dower to some extent in these lands; because, notwithstanding the mortgage, the equitable title was in the husband, and the act in terms declares, that widows shall be entitled to dower in lands held by such title, and the question, therefore, is, whether this proceeding in Washington County Court, shall deprive her of this right, when it is obvious, her title to the lands assigned her in that proceeding, must yield to the subsequent sale, to satisfy the mortgage.

When dower is assigned the widow by the heir, or by the sheriff, on a recovery against the heir, there is an implied warranty, and if the tenant in dower is impleaded by one having a paramount title, she may vouch, and recover against the heir, a third part of the two remaining parts of the land, of which she is dowable. *Park on Dower*, 275.

The rule then in the case of jointures made after the marriage, and dower is the same, and if, in either case, the widow is lawfully evicted, she has a right to be provided for out of the remaining estate of the husband; and when it is apparent from the record, as in this case, that the land assigned the widow as dower, has been passed to the third party by the act of the court, and it has a fund under its control, out of which she may be compensated, it would certainly seem equitable, that it should be applied to that object.

I am, therefore, of opinion, that Mrs. Buchanan is not precluded by the proceedings in the Washington County Court from claiming a proportion of the purchase money of these lands.

[As to the second question, the Chancellor said, the practice of the court had been, to allow widows a proportion of the entire net proceeds of sale, where it could be done without prejudice to the party claiming the original purchase money, or to the holder of other liens contemplated by the law; but that the question had never been deliberately considered, on argument, by his predecessors. He said that, in many of the states, including Maryland, a wife joining her husband in a mortgage, would, at his death, be entitled to dower, subject to the mortgage, notwithstanding a release by him, of the equity of redemption. 4 *Kent*, 44; *Tabele* vs. *Tabele*, 1 *Johns. Ch. Rep.*, 45; *Titus* vs. *Neilson*, 5 *Johns. Ch. Rep.* 452.

But that, such claim was confined to the equity of redemption. *Swain* vs. *Perine*, 5 *Johns. Ch. Rep.*, 482; 4 *Kent*, 39.

He said also, that this equity was represented by the surplus remaining after satisfaction of the mortgage debt; and that Mrs. Buchanan, by joining in the mortgage with her husband,

agreed, that in the event of her surviving him, the debt should be satisfied out of the estate, before the claim for dower should attach. The Chancellor then said :]

It seems not to be denied, and indeed the highest court in this state is understood to have decided, that where lands are sold to satisfy the lien of the vendor, and a surplus remains, the wife is only entitled to an allowance out of such surplus, but it is insisted, that her right is not to be thus restricted, where the lien is of any other description. The act of assembly, however, makes no discrimination between the lien of the vendor and other liens. It says, "such right of dower shall not operate to the prejudice of any claim for the purchase money of such lands, or other lien on the same." This other lien, if by the act of the husband without the concurrence of the wife, must, it is said, have reference to liens created prior to the marriage, and this it is thought is the sound construction. But if the wife does concur, by uniting in the mortgage, or relinquishing her dower, the lien must be attended with the same consequences, as if created before the marriage, or residing in the vendor for the security of the purchase money.

The legislature, it is supposed, intended to give the wife dower only in the interest remaining in the husband, after satisfying the vendors' lien, or other lien existing prior to the marriage, or created afterwards, with her concurrence ; as, otherwise, it is not difficult to imagine cases in which much prejudice might be inflicted upon creditors.

Suppose in this case there had been no surplus proceeds of sale, after satisfying the mortgage debt, but the mortgagor had owned other real estate which had been sold for the purpose of paying general creditors; or for partition among the heirs; would the widow have been entitled, out of the proceeds of such sale, to receive not only her proportion of them but her proportion of the proceeds of the mortgaged lands? It could, I think, hardly be contended.

Or could she, if she applied for an assignment of dower in the other lands, have asked, that she should receive a share of

of them, and also an equivalent for her proportion of the sales of the lands sold to pay the mortgagee? It would be difficult to make out such proposition, and yet it would seem to follow from the position, that a widow, out of the proceeds of land sold to pay a debt, secured by a mortgage in which she has united, is entitled to an allowance, calculated upon the whole proceeds of sale, and not merely upon the surplus, after paying the mortgaged debt.

The law intends to give the widow one-third of the husband's real estate, by way of dower, and as a provision for her support, but she takes it subject to liens created prior to the marriage, or to such as she consents to, after the marriage, in the mode pointed out by the legislature, and she can take no more.

If the contrary doctrine prevail, it will not unfrequently happen, that the widow will not get one-third only, or its equivalent, but the whole surplus, after paying the liens, will be received by her, to the prejudice of the heirs at law, and creditors.

The widow was, therefore, allowed by the decree, one-fourteenth of the *surplus* only of the proceeds of sale after deducting the mortgage debt with interest.

[No appeal was taken from this decree.]