BUSHROD W. REED, EXECUTOR OF WILLIAM CAMPBELL,
AND OTHERS.

*vs.*

RACHEL CAMPBELL.

AT LAW.    DECIDED OCT. 27, 1862.

*Appeal from the Orphans' Court.*

A widow, after receiving the portion of her husband's estate, devised and bequeathed to her, cannot claim the surplus remaining in the hands of the executor, after paying the debts and legacies. See Act of Md., of 1798, Ch. 101, sub-chapter 13, Sec. 1, 2 and 3.

W. J. STONE for the executor.

WM. F. MATTINGLY for the distributees.

W. Y. FENDALL and ANDREW WYLIE for the appellee.

The facts in the case are as follows:

Rachel Campbell, the widow of William Campbell, after receiving the portion of her husband's estate as devised and bequeathed to her, claimed in her petition the surplus remaining in the hands of the executor under the will after payment of the debts and legacies. The executor denied her right to the surplus.

Mr. Wylie offered in evidence the testimony of an old colored woman, Kitty Pad. The reception of this testimony was objected to by the counsel of the executor, because the witness was a colored woman.

The objection was overruled.

The following statement of evidence was agreed to by the counsels for Rachel Campbell and the executor.

It is admitted for the purpose of this case that B. W. Reed, the executor, is a Christian white freeman of this District.

Also that the testator was a free colored person at the time of making his said will and at the time of his death. That the parties claiming the fund in question are free colored persons, and were such at the date of the will aforesaid and since. And that Kitty Pad, the witness whose

deposition has been taken and filed in this proceeding, at the instance of the widow of the said testator, is an ancient and infirm person, and in consequence thereof cannot be had to attend in Court to give her evidence, also that she now is and was at the time of taking said deposition, a free colored person.

Andrew Wylie for the petitioner says from Williams on Executors, page 1278:

The widow is included from any share of the husband's estate by a settlement made in lieu thereof, before marriage.

But it is otherwise when the husband by will makes a provision for his wife, stating it to be in lien and in bar of all her claims on his personal estate, and then subjects his personalty to a disposition which lapses or is void, so that the latter fund is subject to distribution, for then notwithstanding the words of the will, the widow is entitled to a share under the statute. Williams on Executors, 1278 citing Cave *vs.* Roberts, 8 Sim., 214. The principle of this distribution is that: where a woman has before marriage agreed to accept a consideration for her widow's share, she is bound by her compact whether her husband died testate or intestate; but where there is no such contract, but the provision in bar of the distributive share arises upon the husband's will, it is presumed that the motive for the widow's exclusion originated in a particular design or purpose of the testator, viz: for the benefit of the person in favor of whom the property was bequeathed by him, so that if the purpose be disappointed, there is no reason why the bar or exclusion should continue.

Wm. F. Mattingly says:

Is a widow who has accepted a bequest of personal estate, left her by the will of her deceased husband, entitled to a share of the residue of the personal estate undisposed of by the will?

The Act of Md., of 1798, Ch. 101, Sub. Ch. 13, says: "Every devise of land or any estate therein, or bequest of personal estate to the wife of the testator, shall be considered to be intended in bar of her dower in lands or share of the personal estate respectively, unless it be otherwise expressed in the will." Section 2, of the same Act, gives the widow

ninety days in which to elect between the bequest under the will and her distributive share. Now what is meant by the widow's "share of the personal estate?" Sub. Ch. 11, of the same Act, in providing for the distribution of an intestate's estate, gives the widow the whole, one-half or one third, according to the circumstances mentioned in the act. Sec. 4, and following sections provides for the distribution of the surplus, "exclusive of the widow's share."

The argument in favor of the widow is that so far as the undisposed of residue is concerned, the husband dies intestate, and distribution is made according to Sub. Ch. 11, or his widow takes as next of kin.

The widow's share is the whole amount, or one-half, or one-third of the whole amount, after payment of debts according to circumstances. She has ninety days in which to ascertain whether her distributive share will be more than the bequest in the will, and to take her choice to elect between them. She abides by the will and accepts the bequest made therein. The law says that such bequest shall be construed to be intended in bar of her share of the personal estate. In saying that so far as the undisposed of residue is concerned the deceased is intestate. Can we totally ignore the existence of the will, the fact of the widow's acceptance of the bequest made her in it, and distribute according to Ch. 11, when Ch. 13 says that such bequest shall be in bar of her share—of what? not simply of that portion which he disposed of by his will, but of the personal estate both that in which he died testate and intestate.

Suppose a man in his will should make but one bequest, and that to his widow, and she should accept it, would any one pretend to say that she would be entitled to that and a distributive share of the residue also, in the face of a law which declares that each bequest shall be in bar of her share?

1 Jarman on Wills 408, says: "The question is always a question of intention to be collected from the whole will." At common law the widow was entitled to both the bequest made her in the will and her distributive share, unless it were otherwise expressed in the will, or unless at least a contrary intention could be collected from the whole will. But our

law in order to avoid all question as to the intention of the testator expressly states that a bequest of the personal estate shall be construed to be intended in bar of her share of the personal estate.

Williams on Executors 1342–3, is as follows: "Where the settlement is expressed to be" as and "for her jointure in full, lieu, bar and satisfaction of any dower or thirds which she could or might claim at common law of all or any of the estate, real, personal or freehold of her intended husband, the widow will be excluded from her share under the statute; for the words common law must be construed as equivalent to the terms according to the general law. In such case whether the husband die intestate or dispose of his personal estate by will, which disposition fails by lapse, the wife will be equally excluded from the distributive share. But it is otherwise where the husband by will makes a provision for his wife, stating it to be in lieu, and in bar of all her claim in his personal estate, and then subject his personalty to a disposition which lapses, or is void so that the latter fund is subject to distribution, for then, notwithstanding the words of the will the widow is entitled to her share under the statute. The principle of this distribution is that where a woman has before marriage agreed to accept a consideration for her widow's share, she is bound by her compact, whether her husband die testate or intestate; but where there is no such contract, but the provision in bar of the distributive share arises upon the husband's will, it is presumed that the motive for the widow's exclusion originated in a particular design or purpose of the testator, viz: for the benefit of the person in favor of whom the property was bequeathed by him so that if the purpose be disappointed, there is no reason why the bar or exclusion should continue."

Under our law it would be very questionable whether, even in the case of a lapsed or void devise, the widow would be entitled to her distributive share in addition to a bequest in the will, but in the case at bar (which is one of an undisposed residue, and not a lapsed or void bequest) there can be no question on the ground of intention, as the law itself prescribes how the intention shall be construed.

That the wife is not next of kin to her husband. See 2 Jarman on Wills 49, and cases there cited. In Cave *vs.* Roberts, 8 Simons, 214, the decision of the Vice Chancellor is as follows: " I have always thought it to be clear that in all cases a person dies intestate leaving a widow, and there are no person who answer the character of next of kin; as for instance, where husband is illegitimate dies without issue, the widow takes one moiety of his personal estate, and the crown is entitled to the other moiety, and as that has been the received opinion of the profession for a series of years, I shall not now overturn it."

At common law a settlement made before marriage is an absolute bar on the ground of a contract or agreement between the parties. So in the case at bar, with reference to the existing state of the law, relative to their respective right and obligations. So that the law stating that a widow, who accepts a bequest of personalty, shall be barred of her distributive share is equivalent to a contract or agreement entered into between the parties at the time of marriage, to the effect that a bequest of personalty accepted by the widow shall bar her of her distributive share, in which case there cannot be any doubt but that she would be barred. And it is an indisputable principle of law that parties entering into contracts do it with reference to the state of the law governing such contracts.

The following decision was made by the Judge of the Orphans' Court, after the case was called and argued by Mr. Wylie and Mr. Mattingly, as to the petitioner's right to the surplus of Wm. Campbell's personal estate.

It appears that the husband of the widow made his last will and testament, which had been duly proved in this Court, and the executor Reed qualified. It is true that she received under the will, with others mentioned in the will, legacies, and of course did not renounce the provisions of the will. The question now is, is she entitled to dower as widow in the personalty not mentioned in the will and as to which her husband died intestate?

The statute of 1798, declares that a widow who does not renounce the will, shall be barred of dower in her husband's

estate. That must mean the estate conveyed in the will, no other, in as much as the Supreme Court of Md. decided in the case of Mantz *vs.*Buchannan, I Md. 202. That a widow standing by the will of her husband, is a purchaser of the devise with a fair consideration. See also Snively *vs.* Booam, I Md. 223; and Wilson *vs.* Hightown, 3 Hawks, in which the same principle is settled. The answer of the executor and the other testimony in the cause proves the other claimants to be illegitimate, and cannot therefore inherit.

From the foregoing laws and facts the Court is of the opinion, and doth so decree, that the widow is entitled to the amount, as to which Campbell died intestate, in the hands of the executor, the debts and legacies being all paid.

An appeal was prayed for by W. J. Stone for the executor, and by Mr. Mattingly for parties in interest.

The following is the argument of the counsels for the executor and distributees:

There are two questions presented on the record in this case which we contend were erroneously decided by the Judge of the Orphans' Court.

In order to arrive at the result attained by him, he must have decided that the devise and bequest by Wm. Campbell, of part of his real and personal estate to Rachel Campbell, his widow (which was accepted by her), only barred her claim as to the property disposed of in his will, and not as to his entire estate, and that the testimony of Kitty Pad, a negress, was admissible against the appellant, a Christian white freeman.

We contend:

First. That Rachel Campbell, the widow, was by the accepted devise and bequest barred of all her interest in the entire personal estate of her late husband, as well the residue undisposed of as that devised and bequeathed by his will.

Second. That the testimony of Kitty Pad was not admissible against the appellant.

Assuming that Kitty Pad was a competent witness, and that said Wm. Campbell left neither child, brother or sister, nephew or niece, what are the widow's rights in reference to the surplus of personal estate undisposed of by the will?

Her rights are fixed and regulated by statute, and the real question in this case is as to the true construction of the statute.

The Act of Maryland of 1798, chapter 101, sub-chapters 11 and 12, provide for the widow in every aspect.

First. Where her husband dies intestate.

Second. Where her husband leaves a will devising her a part of his estate, which she accepts.

Third. Where her husband leaves a will devising her a part of his estate, which she refuses to accept.

The present case falls under the second head.

Wm. Campbell devised to his widow a part of both his real and personal estate, and she did not renounce, but accepted the devise and bequest, and is thereby barred as to his entire personal and real estate, other than as is devised and bequeathed to her.

At common law the widow was entitled to one-third part of her husband's estate, after the payment of his debts, &c., of which he could not deprive her. (See Griffith *vs.* Griffith's Ex., 4 H. & McH. 123). This right was recognized by various Acts of Assembly, and by the Act of Maryland of 1798 is clearly defined. The common law right of the widow having been superseded by this statute, we are to look to it alone to ascertain what her legal rights as widow are, and what share of her husband's personal estate she is entitled to.

By section 1, sub-chapter 11, the widow gets the whole personal estate, after the payment of debts, under the circumstances there named. If her case falls within section 2 she gets one-third; and if within section 3, one-half. This is given to her as widow, and in lieu of her common law right as widow; and is to be received by her as widow, and not otherwise.

We see that her legal share depends upon circumstances, and is greater or less as her husband does or does not leave certain relatives; that her right is necessarily under one of these classes as widow, and not partly under one as widow, and partly under another as heir or next of kin.

By section 1, sub-chapter 13, it is enacted that "every devise of land or any estate therein, or bequest of personal

estate to the wife of the testator *shall be construed to be intended in bar of her dower in lands or share of the personal estate respectively*, unless it is otherwise expressed in the will."

The English rule is that such a devise is to be construed as intended in addition to her legal rights, and the inclination of the Courts seems to be to regard any declaration that is in bar of her legal share as only intended to apply to property devised, and as effectual only so far as necessarily in conflict and inconsistent with the presumption in law that it was not in bar.

This section altered that rule and declared that it was to be construed as intended in bar of her share, not merely of the personal estate disposed of by the will, but of the *entire* personal estate.

Section 1 declares and fixes the intention in making the bequest. Section 2 declares the effect of such a bequest, and declares that "she shall be barred of her share in the personal estate," unless within ninety days she renounce the will and elect to take her legal share. In the same section, with a view to the provision of law, that under some circumstances the wife would be entitled to more than a third (there is no difference as to real estate), it is provided that if the widow shall renounce the will "she shall be entitled to *one-third part of the personal estate of her husband,* which shall remain after the payment of his just debts and claims against him, and *no more;* from this it plainly appears that the entire personal estate was referred to.

Although there are no children, yet if she renounces she only gets one-third of the personal estate, does not yet get her share.

Would it not be reasonable to apply this proviso to the entire personal estate, as clearly must be done, and then contend that the enacting clause is less comprehensive, that by accepting a bequest she was only barred as to part, viz: that actually devised? If she accepts she is barred as to all; if she renounces she gets only one-third of the personal estate.

By section 3, if the will of the husband devise "a part of both real and personal estate, she shall renounce the whole or be otherwise *barred of her right to both real and personal*

*estate.''* In this case there was a devise of both real and personal estate, and as the widow did not renounce the whole, she is therefore barred of *her right to his personal estate*, other than is given to her by the will.

The other sections of this Act all show that the entire personal estate is referred to, and that the law was not merely intended to apply only to that actually disposed of by will.

By Section 4, a devise of part of real or personal estate shall "bar her of only the real or personal estate, as the case may require."

Section 5 is yet more distinct when it says that a widow in accepting a devise in lieu of her legal rights, shall be considered a purchaser, with a fair consideration being entitled to a certain portion of her husband's entire personal estate, after payment of debts, &c., when she gives it up for a bequest, she becomes a purchaser of the bequest, &c.

The terms "share" and *"legal right"* are used as synonymous, and will depend on the predicament in which she stands at her husband's death. This section recognized the doctrine that accepting the bequest she gets nothing else.

We submit that by accepting the devise and bequest the widow voluntarily agreed to receive the same, in lieu of the share of the entire personal estate she would have been entitled to, had she renounced, or to which she would have been entitled, if there had been no will.

Mr. Wylie relies on an English authority, which says: that if the testator declares in his will a devise to be in bar of his widow's share, that it only bars her as to the property devise, and contends that Section 1, Sub. Ch. 11, only changes the English rule of construction, and merely puts the case in the same position as if the testator had by his will declared the bar. Assuming that Section 1 has only that effect, yet Section 2nd or 3rd declares the effect of such a devise and creates the bar. There is no such statutory provision as that we are seeking to construe in the English law, and therefore the English cases can only aid us in its construction, by showing what the former law was. The very

fact that a statute was passed would indicate some change in the law.

The case referred to is Pickiring *vs.* Lord Stanford, 3 Vesey, 334, (when this case was first before the Court, 2 Vesey, 272) the claim of the widow was rejected, but was allowed for reasons inapplicable to this case. The master of the Rolls, said: "The question really is whether if all the four residuary legatees, to whom he had given the residue jointly, which would therefore have gone to the survivor had died, in his life his widow would have been *barred from any share.*" He says that it is not disputed, but that as to real estate, under the same circumstances she would be barred; and also that if there is a contract before marriage, using the same terms in bar, that she would be already barred as to the entire estate. (See Note a, 3 Vesey, 331: Note 4, 2 Vesey, 284.)

In these two cases, he thinks it clear that the bar goes to the entire estate, explains the error of his former decision, as having arisen from his reasoning by analogy, and draws distinctions between the case before him, and a case of contract or of the devise of real estate, deciding the case on the authority of a decision of Lord Cowper. The question of intent, as considered by him, has reference to the English rule. He also alludes to a point more distinctly presented by the Lord Chancellor. By this case it is conceded, that as to *real estate*, the rule is as we contended.

By our statute *real and personal estate* are placed on precisely the same footing. By this case it is conceded that a contract before marriage, using the same language as in a will, has a different effect and will bar the widow as to the entire personal estate. Our statute was in force when this marriage was contracted, and it was necessarily contracted with reference to this provision of law. A provision of law is certainly equal to a contract of the parties, to bar the widow when the same terms are used in both. The bar by contract is not made with a view to a special disposition of property, as may be said of a will, but the bar by statute stands in that respect on precisely the same footing. If certain terms in a contract will bar the widow as to the

entire personal property, the same terms in a statute must have the same effect.

The English construction that the estate intended to bar the widow only as to legatees, grows manifestly out of the English rule, that the devise or bequest is presumed to be intended in addition to her legal share; and the Courts seem to think that by limiting the bar to the property disposed of by the will, they can satisfy and answer the intention of the testator, without entirely annulling the legal presumption. The Lord Chancellor on Appeal, (3 Vesey, 492,) in addition to the question of intention, decides that he cannot take from the widow without he gives to some one else.

This is not a decision construing a statute, similar to that under consideration, and can be used for no other purpose than to show what the law is without a special statute in reference to the subject in which it treats.

No one will contend that the Legislature could not pass a law providing that a husband may bar his wife from any further share of his estate than he gives her by his will, so that the residue of his estate would go to his next of kin, or if none within the fifth degree, to the United States. If this has been done, the Court *must look at the will*, and the widow will be barred, although the residue is not disposed of by will. We claim that this has been done by the Act of Assembly above referred to; and that if the above decision can have any effect, it will be to show what the law was previously, and the presumption would be that the statute was enacted for the purpose of altering the law, it not purporting to be a declaratory law. We submit that if the above case has any bearing in the present case, it is in support of our views.

If Wm. Campbell really left no relatives within the fifth degree, then by Sec. 15, Sub. Ch. II, the surplus will go to the United States. If she had renounced the will, the surplus (two thirds) of the personal estate would clearly have gone that way. How can the rule be different when she accepts the bequest in lieu of that she would have received in renouncing? We submit that the widow has no claim to the surplus under the true construction of the statute.

It is admitted that the appellant is a Christian white man of this District, and that Kitty Pad, the witness, is a free negro. The question is whether the testimony of Kitty Pad is admissible against the appellant. By the Act of Maryland, 1717, Ch. 13, Sec. 2, it is enacted that no free negro "shall be admitted or received as good and valid evidence in law in any matter or thing whatsoever depending before any Court of record or before any magistrate," "wherein any Christian white person is concerned." The only question is whether or not the appellant is *concerned* in the present proceeding. It is contended that he has no pecuniary interest, and therefore is not concerned in it. The preamble of the statute is: "Whereas it may be of very dangerous consequence to admit any free negro, &c., &c." The inferior station of the negro, and the impolicy of permitting an enslaved race to testify against their masters, is recognized and enforced. Either this is a lawful proceeding or it is not. If not the Orphans' Court had nothing to do with it. If it is, then as a party the Executor is necessarily concerned in it. The appellant could not be called as a witness, why? for the same that he is a party to the suit. The Supreme Court says that a party to a suit, a mere trustee or administrator without any pecuniary interest, without even a liability for costs, is yet incompetent as a witness; he is necessarily concerned in it as a party to the record. If a pecuniary interest is necessary we have it in this case, not merely in a personal liability for costs, but also for this reason—the Executor gave bond for proper distribution of the estate, and the evidence of this free negro is used against him to show who are and who are not entitled. The petition is filed against the Executor alone.

It is true that the relatives named in the will were represented by counsel, as shown by the record, but assuming that those thus represented would be barred, yet others might appear, for the Orphans' Court has not jurisdiction to protect the Executor as to parties not represented. (See 4 Md. Ch. 425, Conner *vs.* Ogle.) And then the Executor may be compelled to pay all the residue, on the testimony of this negro, to the widow, and afterwards have to make a second payment to some party not bound by this proceeding, who may show

himself entitled. This certainly is a pecuniary interest, viz: the risk of a pecuniary loss. The testator by his will devises property to his son, his sister and his nieces, &c. The appellee in her petition charges that the son is illegitimate, but does not pretend that such is the case as to the sister and nieces. The Executor, in his answer, says he believes the son is illegitimate, but requires proof of it, and says he knows nothing about the other relatives. The evidence of Kitty Pad, that the sister and nieces are not legitimate, is not in support of any allegation in the petition as to the sister and nieces, and is objectionable on that ground. The Executor is concerned in the proper distribution of the estate, as he is liable for an improper distribution, and is therefore pecuniarily concerned in the proceeding. Apart from the question of public policy the Executor is pecuniarily concerned in the matter in controversy.

We submit that the testimony of Kitty Pad was improperly admitted against the appellant.

W. F. MATTINGLY,

W. I. STONE,

For Appellant.

The decree of the Orphans' Court is reversed, with directions to the Judge of the Orphans' Court to dismiss the petition of the appellee, Rachel Campbell.