Granger, C. J.
We have carefully examined all the cases cited by counsel, and many others, without finding *394 one in which the precise question here presented was adjudicated. In England a strict technical rule obtained, by which the act of the wife in joining in the execution of the mortgage was held a bar to her entire dower, unless the legal estate in the land had become again vested in the husband, before his death, by proper extinction of the title of the mortgagee. American courts, however, hold the wife entitled to dower in the equity of redemption. See Chancellor Kent in Tabele v. Tabele, 1 Johns. Ch., 45, and Titus v. Neilson, 5 Id., 452. In Hawley v. Bradford, 9 Paige, 200, Chancellor Walworth said: “It is the settled law that where the wife pledges her separate estate, or the reversionary interest in her real property, for the debt of her husband, she is entitled to the ordinary rights and privileges of a surety. If the same principle is to be applied to the case of a wife joining in a mortgage of the real estate of the husband, for the purpose of barring her contingent right of dower therein, the 'claim of the exceptant in this case must be sustained. For the equitable claim of the surety to have the mortgage satisfied out of that estate, or interest in the premises, which belongs to the principal debtor alone, is entitled to a preference over the claims of the subsequent incumbrancers to have their debts satisfied out of the same estate or interest in the premises. I am not aware of any decision, however, in which the principle of suretyship has been applied to a case like the present. ® * * Strictly speaking, the wife has no estate or interest in the lands of her husband, during Ms life, which is capable of being mortgaged or pledged for the payment of his debt. Her joining in the mortgage, therefore, merely, operates by way of release or extinguishment of her future claim to dower us against the mortgagee, if she survives her husband; but without impairing her contingent right of dower in the equity of redemption.”
The italics in the quotation are ours. We quote Chancellor Walworth thus fully, because the case is perhaps the strongest one in implications favorable to the plaintiff in error here. It seems evident that the chancellor was con *395 sidering the question as between the widow and subsequent incumbrancers, holding liens upon her husband’s interest •acquired in his life time. The holding is based upon the nature of “dower inchoate.” As’against it, incumbrances created in his own estate by the husband, in his life time, were prior in time to her “ dower compléte,” and the holders could successfully resist any effort by the widow to require the owner of the joint mortgage to first consume the husband’s interest, if by so doing he would prejudice their rights. But the widow and the devisees take at the same moment (the death of the testator); she, dower complete; they, estates given by the bounty of the testator. As between her and them the question is very different from the one decided by the chancellor.
A strict construction of the words “ entitled to dower in the equity of redemption ” would, perhaps, make absolute the status found existing at the moment of the husband’s decease; pay the mortgage out of the proceeds of the land and endow the widow in the surplus only. We think the chancellor,,having before him no contest between widow and heirs, or devisees, calling for a study of that construction, very naturally used the language quoted, without expressly limiting its application to the case before him. Yet even he limits the bar of her dower by the words “as against the mortgagee.” The American cases, with one voice, say that a wife, by joining her husband in the mortgage, is barred of her dower in the mortgaged premises as against the mortgage. She can claim nothing that will injuriously affect the rights of the mortgagee, or of any claimants by, through, or under him. ’
In Ohio the legal estate is in the mortgagor until condition broken. After that it is still in the mortgagor as to all the world except the mortgagee. Ely v. McGuire, 2 Ohio, 223.
This Ohio doctrine is as far as possible from the English rule before referred to. In Ohio also the debt is the thing. The mortgage is one of its incidents, and is transferred by an indorsement of the note> to a new holder. We think' it follows, ' logically, that a widow who, as wife. *396 joined in mortgaging her husband’s land to secure the payment of Ms debt, is entitled to dower in all of the land, subject only to the right of the holder of the mortgage debt to full payment. The administrator is required by statute to pay the mortgage debt, if it has been properly presented and allowed. The personal assets in his hands must be applied, actually or constructively, to pay costs of administration, the statutory allowance for one year, and debts, before he can resort to the realty. It is only when he “ shall ascertain that the personal estate will be insufficient to pay all the debts .of the deceased, with the allowance to the widow and children for their support twelve months and the charges of administering the estate,” that he can legally ask for a sale of realty. If the personal estate is large enough to pay all costs, the allowance, and debts, he must so apply it, notwithstanding some of those debts are secured by mortgage. In such a case would it be seriously claimed that the widow should not have dower in the whole land ? But if the heirs’ share of the personalty may be reduced by payment of the mortgage debt, (thereby relieving the widow’s dower,) upon what principle can it be claimed that their share of the realty should not be in like manner applied when the personalty proves insufficient? For, in Ohio, when the personalty will not pay the decedent’s debts his realty is made assets for the administrator to the extent of the need. A dowress takes by purchase and not by testament, or inheritance. The rights of a purchaser are paramount to those of heir, devisee or legatee. By executing such a mortgage she conveyed nothing to her husband, and therefore, because of it, no part of her dow'er could pass from him by descent or will. The mortgagee was Ms creditor, entitled to full payment out of Ms estate, with a right to consume her dower, if it should be necessary so to do in order to obtain full payment of the debt. We hold, therefore, that the court of common pleas did not err in granting to Mrs. Ballantine dower in the entire proceeds of the land. Of course she should bear her proper share of the costs in the probate court incurred in settling her dower. This, that court can require.

Judgments of district court and common fleas affirmed.