In the matter of the estate of John Staiger, deceased.

[Submitted October term, 1928. Decided February 4th, 1929.]

■■■■■■■■■■■■■■■■

■■■■■■■ ■■■■■

■■■■■■■■■■■■■■■■■■■■

———

■■■■■■■■■■■■■

*Mr. William J. Connor,* for the appellant.

*Mr. James J. McGoogan,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.,

On November 24th, 1924, a house and lot were conveyed by John Reynolds and wife to John Staiger and Sadie V. Staiger, his wife, for $7,000, which was paid for by $1,500 in cash by John Staiger and two purchase-money bonds and mortgages made by Staiger and his wife, one for $3,000 and the other for $2,500, on which latter $375 has been paid. John Staiger died, intestate, February 5th, 1926, leaving his widow, Sadie V. Staiger, and a son by a former marriage, as his only heirs-at-law and next of kin. His estate consisted of personal property only, amounting, in the gross, to approximately $14,000. His debts amounted to about $4,000.

His widow, claiming the right to have the foregoing mortgage indebtedness exonerated by the payment thereof from her husband's estate, filed a petition in the orphans court of Mercer county praying such an order or decree.

Upon a hearing under an order to show cause under such petition the orphans court made an order denying the prayer of the petition.

From such judgment or decree the petitioner appealed to the prerogative court which court reversed the decree below and ordered and decreed that the aforesaid mortgages be exonerated by the payment thereof out of the estate of John Staiger, deceased.

From such decree John M. Staiger, the son of the intestate, John Staiger, appeals.

The learned vice-ordinary reached the conclusion upon which he advised the decree appealed from, upon the rule of

common law as he found and concluded it to be expounded in *Krueger* v. *Ferry, 41 N. J. Eq. 432; affirmed, 43 N. J. Eq. 295; Hill* v. *Hill, 93 N. J. Eq. 567; affirmed, 95 N. J. Eq. 233,* and *Saling* v. *Saling, 95 N. J. Eq. 611,* namely: that the widow, heir and devisee was entitled to have such exoneration.

He also found and concluded that the statute, "An act respecting devises and descent of lands which are subject to mortgages" (*P. L. 1924 p. 375*) changing the common law rule and referring specifically to "heir" and "devisee" only, being in derogation of the common law, must be strictly construed and by such construction the right of a widow to such exoneration still existed. He also considered that the husband and wife, holding the lands by an estate in entirety, the wife, upon the death of her husband, came into a new estate in fee-simple, by operation of law as does an heir or devisee.

We have reached the conclusion that the learned vice-ordinary fell into error in reaching the conclusions moving him to advise the decree under attack.

In the first place, the reason underlying the common law rule of exoneration is that the personal estate of the deceased mortgagor "had the benefit of the money from the security of which the mortgage was given and the maxim applies * * * that should have the satisfaction that sustained the loss."

In the present case we think the rule should not apply because the bonds and mortgages asked to be exonerated were not the sole and single obligations and undertakings of the husband, John Staiger, but the joint and several obligations of him and his wife, Sadie V. Staiger. To exact an exoneration under such conditions would deprive the rule of common law relied upon, and before referred to, of all its equity and take from it the reason for its existence.

In the second place, John Staiger and his wife, Sadie V. Staiger, took and held the lands in question by an estate in entirety. They both, during the continuance of the lives of both, were seized of such lands in their entirety, and not in equal undivided portions thereof. When John Staiger, the husband, died, his wife took nothing in such lands from him.

His interest therein simply ceased, as it were. As is said in *Hardenberg* v. *Hardenberg, 10 N. J. Law 42* (at *p. 46*): "Between husband and wife the *jus accrescendi* does not exist. * * * The survivor of husband and wife has no increase of estate or interest by the decease, having before the entirety, being previously seized of the whole. The survivor, it is true, enjoys the whole, but not because any new or farther estate or interest becomes vested, but because of the original conveyance and of the same estate and same quantity of estate as at the time the conveyance was perfected."

So, therefore, upon the death of her husband, Sadie V. Staiger took no new estate and therefore took neither as widow nor heir nor devisee.

In the third place, the statute before referred to (*P. L. 1924 p. 375*) would apply unless Sadie V. Staiger as widow of her deceased husband was asserting a claim or right to dower in lands of which he died seized.

It is true that in *Krueger* v. *Ferry, supra,* Vice-Chancellor Van Fleet used the language "and that an heir-at-law, or devisee or *widow* has a right to call upon the administrator or executor of the decedent to exonerate his land from a mortgage debt existing thereon * * * ," but he was stating the rule in its broad and general sense.

The rule is stated and explained in *2 Wash. Real Prop. 566* as follows:

"In general it may be assumed, where there is no specific legislation upon the subject, that an heir-at-law of a mortgagor may call upon the executor or administrator to discharge the mortgage upon the real estate out of the personal estate, on the ground that the personal estate had the benefit of the money from the security of which the mortgage was given * * * and this was extended *to a widow in favor of her dower,* in an estate mortgaged to secure the purchase-money * * *."

In the case before us, therefore, the fact that the statute of 1924, before referred to, makes no reference to a widow is of no materiality, because, although, as we have seen, Sadie V. Staiger did not take either as an heir or as a devisee, neither was she seeking as the widow of John Staiger to have the lands exonerated from the mortgages in question because of any

estate in dower therein which she was claiming or seeking to have set off.

For the reasons expressed herein the decree of the prerogative court is reversed and set aside and the decree or order of the orphans court of Mercer county is affirmed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.