MARY DOYLE CUNNINGHAM *v.* THOMAS P. CUNNINGHAM ET AL., ADMINISTRATORS, ET AL.

[No. 93, October Term, 1929.]

*Decided January 15th, 1930.*

374

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Raymond S. Williams* and *Roger B. Williams,* with whom were *James W. Smith* and *Hershey, Donaldson, Williams & Stanley* on the brief, for the appellant.

*Hilary W. Gans* and *Eldridge Hood Young,* with whom were *Brune, Parker, Carey & Gans* and *Young, Crothers & Settle* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The decree in this case dismissed the bill of complaint filed by a widow against the administrators of her deceased husband's estate to require them to pay out of the personal estate certain mortgages on a house and lot which the widow and her husband held as tenants by the entireties and occupied as a home. The dismissal of the bill was expressed to be without prejudice to the plaintiff's right to a credit on the second mortgage for one-half of the sum paid by the administrators on account of the debt which it secured, the mortgage having been assigned to them when they made the payment, and for certain rent collected by them from a tenant of the property. On this appeal it is to be determined whether the plaintiff is entitled to have the personal estate of her husband charged with the full amount of both mortgages.

At the time of her marriage, in May, 1926, the plaintiff was twenty-seven, and her husband, John P. Cunningham, sixty-five years of age. He had adult children, born of a former marriage. The plaintiff was without means, while her husband was possessed of considerable real estate, in Balti-

more City and Howard and Anne Arundel Counties, and personal assets worth about $12,000. By an antenuptial agreement they each relinquished any marital interest in the property of the other which might accrue to them respectively by virtue of their marriage. As provided in the agreement, however, Mr. Cunningham conveyed to his prospective wife an estate for her life in two lots of ground, subject to a life estate in himself which the deed reserved. After they had been married about a year, Mr. Cunningham purchased the home in Anne Arundel County, in which they lived until the time of his death on August 1st, 1927. The price of the property was $4,500. Of that amount Mr. Cunningham made a preliminary payment of $100 and paid $3,000 as the proceeds of a loan, which he obtained from a building association, secured by a first mortgage on the property, and for the balance, $1,400, a second mortgage was accepted by the vendors. The deed was made to Mr. Cunningham and his wife as tenants by the entireties, and she joined with him in the execution of both mortgages and of the note which the second mortgage secured. It was recited in the first mortgage that the loan of $3,000 was an advancement on thirty shares of the building association's stock, on which specified weekly payments were required until the amount of the shares would be paid in full. Until the death of Mr. Cunningham the stipulated instalments were paid by him without any contribution from his wife. The second mortgage, by its terms, was to be payable one year from its date, but Mr. Cunningham died before it matured. About a year before his marriage he had made a will devising and bequeathing his estate, in varying amounts, to a sister and his children then living, but the posthumous birth of a child of his second marriage rendered his will inoperative and it was therefore not admitted to probate. It contained a direction to his executor to sell all of the testator's property and to pay all his just debts. That provision is said to reflect upon the question of intent, on which, it is argued, the decision of the case should depend.

In *Harris v. Dodge,* 72 Md. 186, 191, it was said by Chief Judge Alvey to be "a well established general rule, that where a debtor has a portion of his real estate under mortgage, whether with or without covenant to pay, and the debt is the debt of such debtor originally or by adoption, and not a charge primarily affecting the estate, and he makes his will devising the mortgaged estate (and there be no intention to the contrary either express or implied), in such case, as between the devisee and the residuary legatee, though not to disappoint either general or specific legatees, the personal assets are the primary fund to be applied for the payment of the mortgage debt, in exoneration of the land. *Howell v. Price,* 1 P. Wms. 291, 294, and Cox's note; *O'Neal v. Mead,* 1 P. Wms. 693; *Hawes v. Warner,* 2 Vern. 477; *Serle v. St. Eloy,* 2 P. Wms. 386; *Bickham v. Cruttwell,* 3 Myl. & Cr. 763."

The same principle applies in favor of the heirs at law with respect to the exoneration of the realty by payment of the decedent's mortgage indebtedness out of the personalty. *Chase v. Lockerman,* 11 G. & J. 185; 24 C. J. 145; 9 R. C. L. 102. It is available also for the relief of a dower estate, though the widow may have joined with her husband in the execution of the mortgage sought to be thus discharged. *Mantz v. Buchanan,* 1 Md. Ch. 202; *Hays v. Cretin,* 102 Md. 695.

In the present case there is a state of intestacy, and the right of exoneration is claimed by one whose interest in the mortgaged property is not that of an heir or a dowress, because of the terms and effect of the antenuptial agreement (9 R. C. L. 599), but is solely the interest of a surviving tenant by the entireties. That was an estate which vested in the plaintiff by virtue of the conveyance to her husband and herself prior to his death. The effect of the grant was to clothe each of them with the entire title, subject to termination as to either by his or her death in the lifetime of the other spouse. *Marburg v. Cole,* 49 Md. 411; *Jordan v. Reynolds.*

105 Md. 288; *Frey v. McGaw,* 127 Md. 23; *Ades v. Caplin,* 132 Md. 66.

In a recent case, the Court of Errors and Appeals of New Jersey held, as stated in the syllabus by the court: "The rule that an heir or devisee may have exoneration of a mortgage debt from, and out of, the estate of the deceased mortgagor, does not apply where the widow of the deceased mortgagor and such mortgagor held the lands as husband and wife by an estate in entirety." *In re Staiger's Estate,* 144 Atl. 619. It was said in the course of the opinion that the husband and wife being seized of the lands in their entirety, and not in equal portions, during the lives of both, the wife took nothing from the husband in the property when he died, his interest therein having "simply ceased," and the court quoted from the opinion in *Hardenbergh v. Hardenbergh,* 10 N. J. Law, 42, 46, as follows: "Between husband and wife the *jus accrescendi* does not exist. * * * The survivor of husband and wife, has no increase of estate or interest by the decease, having before the entirety, being previously seized of the whole. The survivor, it is true, enjoys the whole, but not because any new or farther estate or interest becomes vested, but because of the original conveyance, and of the same estate and same quantity of estate as at the time the conveyance was perfected."

The plaintiff in the pending case has no interest in her deceased husband's estate as dowress, heir, or devisee, or in any other capacity, which entitles her to have the land acquired by her as a tenant by the entireties exonerated, by payment out of the personal assets, from the mortgage indebtedness contracted for its purchase.

It is contended, however, that, as between the plaintiff and her husband, she should be treated as surety, and he as principal, with respect to the loans secured by the mortgages, and that she has the right to have the mortgages first charged against the estate of the debtor primarily liable. The record does not sufficiently support that contention. While the pay-

ments on the purchase price and the mortgage indebtedness were all made by the husband, and the wife had no means of meeting the liability which they together assumed, yet the execution of the mortgages was for their joint benefit, and the presumption is that an equal responsibility was thereby incurred. *Brady v. Brady,* 110 Md. 656; *Levin v. Sun Mortgage Co.,* 156 Md. 208. The payments made by the husband are to be regarded as gifts to his wife to the extent to which they relieved her of an equality of contribution (*Meyers v. East End Loan & Savings Assn.,* 139 Md. 607; *Brell v. Brell,* 143 Md. 433), and not as evidence of a purpose to place her in the position of a surety.

There is no proof in the case rebutting the presumption of equal liability of the plaintiff and her husband as principals in consequence of their joint execution of the mortgages in question, which include covenants for the payment of the debts thereby secured. As between joint and equal principals the right of proportionate contribution exists (*Brady v. Brady, supra*), and that right is assertable against the estate of a deceased co-principal. The decree appealed from recognized the right in regard to the second mortgage, which the administrators paid, but the dismissal of the bill of complaint was in effect a denial of similar relief with respect to the first mortgage. With that disposition of the case we are unable to agree.

While the two mortgage claims involved in this suit have both been filed against the decedent's personal estate, there are two other mortgages, for amounts aggregating $35,000, on real estate owned by him in Baltimore City, which have not have been so presented. But the suggested right of the heirs to have those debts paid ratably out of the personalty, to the extent of the amount available, would be subordinate to the right of a claimant in the position of a coprincipal with the decedent to be protected from loss on account of that relationship.

The general provision, in the husband's inoperative will,

for the payment of his debts, was made long before his pre-nuptial agreement and marriage with the plaintiff, and in our judgment should have no influence upon our decision.

The case will be remanded for further proceedings, under the prayer in the bill for general relief, and for a decree giving effect to the conclusion we have stated.

> *Decree reversed and case remanded for further proceedings in accordance with the opinion, the costs to be paid out of the estate in course of administration.*