**In re WINGERT et al.**

**WINGERT et al. v. SMEAD et al.**
(three cases).

Nos. 4126–4128.

Circuit Court of Appeals, Fourth Circuit.
April 6, 1937.

Miller Wingert, of Hagerstown, Md., for appellants.

Alexander Armstrong, Robert H. McCauley, and Edward Oswald, Jr., all of Hagerstown, Md., for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

PER CURIAM.

These are appeals from orders entered in the bankruptcy proceedings of Henry F. Wingert, Martha A. Wingert, and Lewis P. Wingert. The appellants are the executors of Julia E. Reamer, one of the creditors of the three bankrupt estates, and Miller Wingert, Esq., who has served as attorney for the Reamer estate. The questions presented relate to (1) the allowance of fees to the attorneys for the trustees in bankruptcy and the refusal to allow a fee in excess of $50 to Miller Wingert; (2) the allowance of claims asserted against the estate of Martha A. Wingert in the sum of $16,000 for only half that amount; (3) the disallowance of claim for $4,588 against the estate of Henry F. Wingert and Lewis P. Wingert; and (4) the disallowance of a claim of $2,156 against these two estates.

■ Complaint is made of the allowance to the attorneys for the trustees in bankruptcy of fees totaling $3,500, of which $700 was allowed from the estate of Henry F. Wingert, $600 from that of Martha A. Wingert, and $700 from that of Lewis P. Wingert. Miller Wingert complains because he was allowed only $50 from each of these estates for filing schedules as attorney for the bankrupts and was not allowed anything for services rendered as attorney for one of the creditors in litigation, which he contends has inured to the benefit of the estates. We think that these complaints are without merit. Such allowances rest in the sound discretion of the judge of the District Court; and his exercise of this discretion is not reviewable by this court in the absence of abuse. In re Barceloux (C.C.A.9th) 74 F.(2d) 288, 294; Calhoun v. Stratton (C.C.A.6th) 61 F.(2d) 302; In re Schulte-United (C.C.A.8th) 59 F.(2d) 553, 562; In re Diamond Fuel Co. (C.C.A.2d) 6 F.(2d) 773, 776. We have carefully considered the evidence in the record in the light of the reasons given by the judge for the allowances, and we find nothing which would justify us in holding that he has been guilty of an abuse of discretion.

■ With respect to the claims for $16,000 allowed against the estate of Martha A. Wingert for only half that amount, it appears that these claims arose out of two notes of $14,000 and $2,000 respectively, executed by Henry F. Wingert to his sisters Julia E. Reamer and Martha A. Wingert and discounted with a bank on their indorsement. The notes were collected from the estate of Mrs.

Reamer and were assigned by the holder to her executors. Claim for the full amount of the notes was allowed against the estate of Henry F. Wingert and for half of that amount against the estate of Martha A. Wingert. This was clearly correct. Henry F. Wingert was primarily liable on the notes, and the one of the payee indorsers who had paid them was entitled to prove them as a claim against his estate for the full amount. She was entitled to prove for only half that amount, however, against the estate of the other payee indorser. Joint payees who indorse an instrument are deemed to indorse jointly and severally. Bagby's Maryland Code, art. 13, § 87. And, if one is called upon for payment, the other is liable by way of contribution only for his proportionate part of the amount so paid. Carter v. Lechty (C.C.A.8th) 72 F.(2d) 320; Southern Surety Co. v. Com. Cas. Ins. Co. (C.C.A.3d) 31 F.(2d) 817; Wright v. Rumph (C.C.A.5th) 238 F. 138; Cunningham v. Cunningham, 158 Md. 372, 148 A. 444, 67 A.L.R. 1176. The fact that one of the joint payees when called upon to pay under such an indorsement takes an assignment of the instrument does not, of course, enlarge the liability of the other or others or give the assignee any advantage over them.

■ With respect to the claim for $4,588, it appears that this is based on the value of stock claimed to have been loaned by Mrs. Reamer to Henry F. Wingert, Miller Wingert, and William Wingert and to have been pledged by them as security for a loan and never to have been returned to Mrs. Reamer or her executors. No appeal was taken, however, from the disallowance of this claim against the estates of Miller Wingert and William Wingert, and no assignment of error in the Henry F. Wingert appeal relates to the matter. The evidence with regard to liability for the stock is not so clear as to justify us in noticing error not assigned; and counsel for appellants admitted at the bar of the court that there was nothing before us on which the contention as to this claim could be considered.

■ With respect to the claim of $2,156, it appears that this claim is based on a note for that amount executed by Mrs. Reamer to Henry F. Wingert, Lewis P. Wingert, and Miller Wingert, which was indorsed and discounted by them,

and which was paid to the indorsee when due by the executors of Mrs. Reamer. The testimony of Miller Wingert (page 93 of the Henry F. Wingert record) is to the effect that Mrs. Reamer executed the note for the accommodation of the payees. His credibility is not attacked and there is nothing in the record contrary to his testimony and nothing to show why the claim was disallowed by the referee or the court below except the referee's statement (pages 90 and 91) that it was his "idea that the executors were only paying off Mrs. Reamer's note and that they had no claim against the parties that the note says she owed the money to." One who executes a note to another for his accommodation unquestionably has a claim against such other person, or his estate in bankruptcy, if called upon to pay same. In re Cunningham (C.C.A.4th) 64 F.(2d) 296; Leonard v. State Exchange Bank (C.C.A.8th) 236 F. 316. It may have been that in disallowing the claim the court was considering merely the untenable ground principally urged by the executors of Mrs. Reamer to the effect that they were entitled to prove the note as a claim because it had been assigned to them by the bank. At all events, there was no finding of the determinative fact as to whether Mrs. Reamer was or was not an accommodation maker; and we think that this fact should be determined before the claim is finally passed on. As the record is in no condition for us to make the determination here, we shall reverse the orders appealed from in the Henry F. Wingert and Lewis P. Wingert cases to the extent that they disallow the claim for $2,156 and remand those cases to the court below to the end that it may find the facts with respect to whether Mrs. Reamer was or was not an accommodation maker and pass on the claim in the light of such findings. Counsel for appellee call attention to the fact that there is no assignment of error with respect to this matter in the Henry F. Wingert appeal. But there is such assignment in the Lewis P. Wingert appeal; and it appears from the record therein that the exceptions passed upon by the District Judge raised the point that Mrs. Reamer was an accommodation indorser of the instrument as well as that it had been assigned to her executors. As the matter was heard below with respect to both

estates at the same time and on the same testimony, we think that the same action should be taken in both appeals.

The orders appealed from will be affirmed, therefore, except as to the disallowance of the claim for $2,156 against the estates of Henry F. Wingert and Lewis P. Wingert, as to which the orders appealed from will be reversed and the causes will be remanded for further proceedings with respect to such claim in accordance with this opinion.

No. 4126: Affirmed in part, reversed in part, and remanded.

No. 4127: Affirmed.

No. 4128: Affirmed in part, reversed in part, and remanded.