MINNIE BRENNER and KATHERINE ZINK, Respondents, v. EBBETS-MCKEEVER EXHIBITION COMPANY, INCORPORATED, Appellant, and Others, Defendants.— Order granting motion of the plaintiffs for an order striking out answer of the defendant-appellant, inclusive of an affirmative defense therein pleaded, reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs. The defense, if alleged as a counterclaim against the codefendants or successors in interest of Walter Brenner and Allen E. Brenner, would be legally sufficient. For the purpose of determining sufficiency, it appears that the Brenners had obligated themselves to assume the mortgage on the entire parcel and had been paid to do so. One who assumes payment of a mortgage becomes the principal debtor and the land conveyed to him the primary fund, whether or not the remainder of the land remains in the promisee or is conveyed by him to others. (Wiltsie on Mortgage Foreclosure [3d ed.], § 598, pp. 854, 855; *Russell* v. *Pistor*, 7 N. Y. 171; *Wilcox* v. *Campbell*, 106 id. 325.) The mere fact that the promisee was not personally obligated to pay the mortgage is insufficient to remove the primary lien from the land acquired by the promisor, where the promise has been founded upon a valid consideration. (*Clinton* v. *Buffalo Land Security Co.*, 55 App. Div. 440; affd. without opinion, 166 N. Y. 621.) In *Vrooman* v. *Turner* (69 N. Y. 280) the holding simply was that no personal liability could be enforced as against a subsequent grantee by a mortgagee who was not in privity with the former. Here the common grantor, Daly, was substantially benefited by the promise, irrespective of the fact that he was not under any obligation to pay the mortgage, because it freed the remainder of his land of primary liability, and thus rendered such remainder more valuable. If the appellant relied upon a representation by Daly that the Brenners had assumed the mortgage, the promise of the latter would be enforcible by it, as there was privity between Daly, the promisee, and itself. (*Vrooman* v. *Turner*, 69 N. Y. 280, 283, 284.) Although no release has been executed by the mortgagee, the defense, as actually pleaded against the plaintiffs alone, presents an issue of fact as to the application of the doctrine of merger so as to discharge the interest of plaintiff Minnie Brenner at least in the mortgage to the extent of her interest in the land, as against the appellant. (2 Pomeroy's Equity Jurisprudence [4th ed], § 797; *Monica Realty Corporation* v. *Bleecker*, 229 App. Div. 184, 187, 188.) The issue is one which might properly be tried not only as against the plaintiff but for determination of the respective priorities of the defendants. (*Binghamton*

*Sav. Bank* v. *Bing. Trust Co.,* 85 Hun, 75, 84, 85.) We express no opinion as to the efficacy of litigating such issue by reference after default (*Bard* v. *Steele,* 3 How. Pr. 110) or otherwise. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur. [170 Misc. 278.]