EDNA S. ROBINSON et al., Plaintiffs, *v.* MABELLE E. BOGERT, Defendant, and PEOPLES NATIONAL BANK AND TRUST COMPANY OF WHITE PLAINS, as Substituted Trustee under the Will of CHARLES W. BOGERT, Deceased, et al., Impleaded Defendants.

Supreme Court, Special Term, Westchester County, July 16, 1946.

*Walton, Bannister & Stitt* for plaintiffs.

*Lewinson & Lewinson* for defendant.

*Smith, Rancht, Mitchell & Croake* for impleaded defendants.

BAILEY, J. This is an action to foreclose a mortgage. Defendant and her husband purchased the property as tenants by the entirety subject to the present mortgage. They thereafter paid part of the principal debt and executed extension agreements as to the balance, the last of which, in 1938, was signed only by the husband. In 1939 the husband died, leaving a will which was thereafter admitted to probate. Defendant personally continued payments of interest which aggregated $750. Upon default in these installments and in the payment of taxes, the assignee of the mortgagee instituted this proceeding.

The defendant has interpleaded the distributees of her late husband's estate and the trustee under his will from whom she seeks exoneration and recoupment; it is her contention that because she did not sign the last extension agreement, she became a mere surety for all payments subsequent to such last extension agreement executed by her husband. Through the medium of two separate causes of action defendant demands that if judgment for any amount be rendered against her that she have judgment against the impleaded defendants; and also for judgment for the amount of interest paid since her husband's death. The complaint makes no demand for a deficiency judgment. It merely seeks to foreclose her interest in the real estate.

The record does not disclose when title to the premises in question was acquired by defendant and her husband but as early as June 9, 1928, they entered into an agreement providing for an extension of the mortgage which is now sought to be foreclosed; again in 1931 after a reduction in the principal from $10,000 to $7,000 the time for the payment of the mortgage was further extended by an agreement executed by the defendant Bogert and her husband which contained the usual provisions whereby they agreed to pay the principal and interest and to otherwise comply with all of the terms and conditions of the bond and mortgage. In 1938 after further payments had been

made reducing the principal to $5,000, payment of the aforesaid principal was further extended but this extension agreement was executed only by the husband.'

Prior to her husband's death the defendant Mabelle E. Bogert and her husband were each seized of the whole estate in these premises, as tenants by the entirety, subject to the lien of the mortgage in question. The property was thus acquired by them as husband and wife and held by them until the husband's death when she alone became seized of the property in its entirety, subject of course to the incumbrance of the mortgage which had always existed throughout her ownership.

It does not appear that the precise question herein at issue has ever been determined. It does appear to be the generally accepted rule however that the mortgaged premises constitute the principal and primary asset from which payment of a bond and mortgage should be sought.

In *Johnson* v. *Zink* (51 N. Y. 333) the property had been sold subject to a mortgage, the principal of which formed a part of the purchase price; a subsequent purchaser paid to the first grantee the full amount of the purchase money with full knowledge of the existence of the mortgage but upon the agreement that his grantor would pay the mortgage. Such grantor died insolvent without paying the mortgage and an action was commenced against the original obligor upon the bond for the unpaid principal. The obligor tendered the amount due but demanded an assignment of the mortgage which was refused. Here the court said (p. 336): " The conveyance by the mortgagor of the mortgaged premises ' *subject to* ' the mortgage in question, to Comstock conveyed to him the equity of redemption only, and consequently the mortgage was to be discharged and satisfied out of those premises, before any right or interest therein was acquired by the grantee, and as between those parties it is clearly equitable that such discharge and satisfaction should be made out of the said premises, and that the obligor and mortgagor should not, in exoneration thereof, personally be called upon to pay the same out of his individual property. The effect of the transaction was in equity to make the land the primary fund for the payment of the debt, and to place the plaintiff in the situation or relation of surety therefor only. This principle is clearly established." (Also, see *Matter of Burrows*, 283 N. Y. 540.)

These premises were conveyed to defendant Bogert subject to the mortgage and as in *Johnson* v. *Zink* (*supra*) " it is clearly

equitable that discharge and satisfaction should be made out of the said premises ".

In *Geldart* v. *Bank of New York & Trust Co.* (209 App. Div. 581) a surviving wife sought judgment against the executors of her husband's estate for the amount of a mortgage upon premises owned by them as tenants by the entirety, and which she had paid. In discussing the situation very similar to the instant case Mr. Justice Young writing for the court said (p. 583): " As tenants by the entirety, plaintiff and her husband were each seized of the whole estate, and the mortgage was an incumbrance thereon. It was, therefore, upon her estate in the land and was her debt as well as that of her husband. But upon his death, the mortgage was no longer upon his estate in the land, for there was none. It then continued as an incumbrance upon her estate." In discussing further the right to exoneration the same opinion held that the right to exoneration or reimbursement depended upon the liability of a person unjustly enriched to refund such enrichment and pointed out that the husband's estate had never benefited by the mortgage.

The husband's estate which is sought to be charged with the payment of this mortgage never derived any benefit from such mortgage; his personal estate was in no way enriched. It would certainly not serve sound principles of equity to require the payment of this mortgage from the husband's personal estate when such estate derived no benefits, nor was increased to any extent as a result of the mortgage. I find no support to the theory propounded by the defendant that by individually executing the extension agreement, the husband relieved his wife's estate in the land of all liability for the payment of the mortgage. It did relieve her of the obligation for the payment of any deficiency and that fact is recognized by plaintiffs who seek no deficiency judgment.

That the mortgaged property is the primary fund for the payment of a mortgage debt was again enunciated by the Court of Appeals in *Honeyman* v. *Hanan* (275 N. Y. 382) where Judge Lehman speaking for the unanimous court said (p. 394): " Though a money judgment may still be recovered against a person liable, directly or indirectly or contingently, for payment of a mortgage debt, yet any party against whom such a judgment is demanded is entitled to set off the fair and reasonable market value of the mortgaged property." (See, also, *Brenner* v. *Ebbets-McKeever Exhibition Co.*, 256 App. Div. 980.)

The issue before this court as to the liability of the husband's estate for the payment of the mortgage was litigated in a proceeding in the Westchester County's Surrogate's Court wherein the defendant Mabelle E. Bogert sought an order directing the executors of the estate of her late husband, Charles W. Bogert, deceased, to set aside the sum of $5,000 for that purpose. The decree in that proceeding dated June 30, 1941, specifically stated that " the Estate of Charles W. Bogert, deceased is not legally obligated to pay the mortgage indebtedness in the sum of $5,000 on the premises known as 528 Rochelle Terrace, Pelham Manor, New York owned by Mabelle E. V. Bogert and decedent, as tenants by the entirety, and now owned by said Mabelle E. V. Bogert, individually, out of the assets of the estate of said Charles W. Bogert, deceased, as requested by said Mabelle E. V. Bogert,"; the defendant Mabelle E. V. Bogert appealed from the foregoing decree but withdrew such appeal and entered into an agreement before the Surrogate disposing of all matters in controversy which included her demand that the mortgage be paid by the estate. Based upon this agreement a further decree of the Surrogate's Court was made and filed July 24, 1942.

In this action defendant seeks to hold the estate liable and to have a direction for the payment of the mortgage by the distributees of the estate of Charles W. Bogert, deceased, in proportion of their interests under the will. All such distributees joined in the agreement upon which the decree dated July 24, 1942, was based and are recited in the decree as parties thereto. Defendant contends that the proceedings and decree of the Surrogate's Court did not adjudicate the rights of the parties to this action and appears to rely upon *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304) and *Karameros* v. *Luther* (279 N. Y. 87). In the former case Chief Judge CARDOZO writing for the unanimous court said (pp. 306–307) " A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first * * *." In the latter case, Judge FINCH likewise speaking for the unanimous court, said (p. 91): " The prior judgment is conclusive only as to facts which have such a relation to the issue that their determination was necessary to the decision of the issue." A judgment in this action that the mortgage be paid by the distributees of the estate of

Charles W. Bogert, deceased, would destroy rights and interests established by the Westchester County Surrogate's Court and the judgment of that court was conclusive of the fact that the estate of Charles W. Bogert was not legally obligated to pay the mortgage indebtedness.

Moreover, section 80 of the Surrogate's Court Act provides that every decree of a Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained.

For the reasons herein set forth the cross complaint of defendant against the impleaded defendants will be dismissed and judgment of foreclosure directed.