90 So.2d 456 (1956)
Rafael LOPEZ, as Executor of the Estate of Joseph Anthony Lopez, Jr., Appellant,
v.
Dorothy N. LOPEZ, Appellee.
Supreme Court of Florida. Division B.
November 7, 1956.
Mitchell, Smith & Mitchell, Atlanta, Ga., and Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for appellant.
Anderson & Nadeau and Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellee.
O'CONNELL, Justice.
This is an appeal from a final decree holding that a widow was entitled to contribution *457 from her deceased husband's estate of a sum equal to one half of the balance due on two purchase money mortgages and notes executed by the wife and her deceased husband on lands purchased and held by them in an estate by the entireties, one half of the interest paid by her on the mortgages and one half of the real estate taxes for the year in which the husband died.
Joseph A. Lopez and Dorothy N. Lopez were husband and wife. They purchased two pieces of realty in Florida. In each purchase the title was taken in the name of the husband and wife, in the entirety, and a purchase money mortgage and note was executed by both for a part of the purchase price.
The husband, whose executor is appellant here and was defendant below, died. The wife, the plaintiff below and appellee here, became the owner of the two pieces of land by operation of law. She filed a claim against the estate of her husband for one half of the unpaid balance of the mortgages and notes as the balance existed on the husband's death. The claim was objected to and she then filed this suit in chancery asking that her husband's estate be required to pay her one half of the sums due on the mortgages and notes at her husband's death, one half of the interest paid by her thereon since the husband's death and one half of the real estate taxes paid by her on said property for the year 1953. Her husband died in October 1953. The circuit court rendered a decree granting the wife the relief prayed for and the executor appeals.
The wife did not pay off and discharge the mortgages and notes, nor did the mortgagees file a claim against the estate for the sums due on the mortgages and notes.
This is a case of first impression in Florida.
The principal questions to be decided by us are whether (1) a right of contribution, and (2) whether a right to exoneration, exist in favor of a surviving spouse and against the estate of a deceased spouse as to a purchase money mortgage and note executed by both the husband and wife on an estate by the entireties property.
We do not think either of such rights exist and therefore hold that the decree of the chancellor was error.
We can find no decision rendered by this Court on this subject. Nor did counsel for the parties, in able briefs cite any cases from this jurisdiction. There appear to be two lines of authority on the question. We are free to choose that course which we feel accords best with our regard for the rights of those holding property in an estate by the entireties.
The plaintiff wife contends that we should follow the rule that contribution is to be allowed in circumstances such as we have here, as said rule is laid down in the case of Cunningham v. Cunningham, 1930, 158 Md. 372, 148 A. 444, 67 A.L.R. 1176. In this case the issue was whether a surviving spouse was entitled to exoneration from the debt of a purchase money mortgage executed by both spouses. The Court held she was not entitled to exoneration, but was entitled to contribution. It reached this conclusion on the theory that the obligation of the note and mortgage was to be considered separate and apart from the nature of the security; that the husband and wife were joint and equal principals as to the obligation; that as between joint and equal principals the right of contribution exists and therefore the wife was entitled to contribution of one half of the mortgage debt from the husband's estate. The court ignored that the property was held in an estate by the entireties, ignored the nature of such an estate, disregarded the fact that the husband's estate had neither benefited nor been enriched unjustly by the mortgage debt, and did not consider that the wife had not in fact paid the mortgages for which she claimed contribution.
*458 The plaintiff wife also relies on the cases of Commerce Union Bank v. Weis, 1944, 27 Tenn. App. 433, 181 S.W.2d 764 but in that case the land was in the wife's name alone. It is not decisive of the question before us.
She also relies on the case of In re Kershaw's Estate, 1945, 352 Pa. 205, 42 A.2d 538, and In re Dowler's Estate, 1951, 368 Pa. 519, 84 A.2d 209, which cases proceed on the same theory as in the case of Cunningham v. Cunningham, supra.
Plaintiff also cites the case of Magenheimer v. Councilman, 1919, 76 Ind. App. 583, 125 N.E. 77, wherein an administrator paid a mortgage executed by his decedent and the widow on estate by entirety property. He settled with the widow, she paying one half of the mortgage sum, after which both litigated. The widow claimed she should have paid nothing on the mortgage, and the administrator claimed she should pay the whole sum due. The court held that the widow had to pay one half of the mortgage sum. The court followed the theory that the husband was a joint and equal principal on the note and that death did not change his obligation. The court apparently held that the wife being a joint and equal principal and having benefited from payment of the mortgage should contribute. It merely said she should not complain at being required to contribute.
The principle of equitable contribution is held not to entitle a surviving spouse to contribution from the estate of the deceased spouse, for the sums due on a mortgage executed by both spouses on property held in an estate by the entireties in the following cases: Ratte v. Ratte, 1927, 260 Mass. 165, 156 N.E. 870; In re Dell's Estate, 1935, 154 Misc. 216, 276 N.Y.S. 960; Geldart v. Bank of New York & Trust Co., 1924, 209 App.Div. 581, 205 N.Y.S. 238; Robinson v. Bogert, 1946, 187 Misc. 735, 64 N.Y.S.2d 152.
These cases proceed, in general, on the theory that the nature of the obligation of the deceased spouse is to be considered in light of the incidents of ownership of the property which is security for the debt, that the husband and wife each simultaneously own the whole of the estate, and that the burden of the mortgage debt follows the security. They also consider that inasmuch as the personal estate of decedent is not enriched or benefited by the debt, the survivor should not be entitled to contribution.
The case of Ratte v. Ratte, supra, makes clear the significance of the manner in which the title to property involved is held since in that case contribution was allowed on a mortgage debt on property held by the spouses as tenants in common, but was not allowed on property held in an estate by the entireties, although both spouses had each executed the one mortgage and note for which both properties were security.
The doctrine of equitable contribution is applied to prevent one of two, or more, joint obligors being required to pay more than his share of a common burden, or to prevent one obligor from being unjustly benefited or enriched at the expense of another. See 13 Am.Jur. Sec. 3, p. 6, for a definition of equitable contribution.
We do not consider the purchase money mortgages and notes involved in this cause to be a common burden. We construe that the husband and wife were each obligated for the whole of the debt, since each is considered to have purchased and owned the whole estate. Their interests were not divisible. Ashwood v. Patterson, Fla. 1951, 49 So.2d 848.
When one of the tenants by the entirety dies, the surviving tenant receives no new or greater estate than already possessed, but the interest of the deceased tenant ceases. It is in our opinion unconscionable and inequitable to allow the law to take from one his interest in lands, yet hold him responsible for a part of the purchase price thereof which remains unpaid.
*459 We reason that the debt of a purchase money mortgage in such a case as before us, in order to be consistent with our holdings on the nature of an estate by the entirety, must be considered as between the tenants themselves as being a debt being owed wholly by the wife, and simultaneously wholly by the husband. Since in the purchase of said lands each tenant is said to have acquired the whole estate therein, it is consistent that the debt incurred would be considered to be the whole debt of each.
Under this reasoning it would follow that just as the surviving tenant acquires no new estate on the death of the deceased tenant, likewise the surviving tenant would incur no new burden or obligation by the death of the one.
It is clear to us that in a case such as here, the estate of the decedent receives no benefit or enrichment which, in equity, requires or justifies contribution being made to the surviving spouse. On the other hand the survivor received all of the estate for which the obligation was incurred and cannot be heard to complain.
We hold then that because in such mortgages and notes as we have here, each spouse, as between themselves, is obligated to pay the full amount thereof, such burden not being a common burden, but a burden borne wholly by each on the whole estate which each holds, simultaneously with the other, and because there is no benefit or enrichment to the deceased, or his estate, a surviving spouse is not entitled to contribution from the estate of the deceased spouse on a purchase money mortgage executed by both spouses for the purchase of lands, title to which is taken in an estate by the entireties.
We do not hold that the right to equitable contribution does not lie in any case where there is a mortgage, other than for purchase money, executed by both spouses on estate by the entireties property for there well may be cases where the principle would and should apply.
The payment of interest on the mortgage and taxes on the lands in question are also settled adversely to plaintiff by our deciding that the survivor is not entitled to contribution.
We point out that although we have considered the matter before us solely on the question of whether contribution should be allowed, we understand that contribution is allowed only when the party seeking contribution has made payment of the obligation in question. Ratte v. Ratte, supra. While the right to contribution arises at the time of creation of the relationship which creates it, it is only a contingent right until payment is made by the complaining party. 13 Am.Jur., Contribution, Sec. 7, pp. 10-11.
Although the wife had apparently paid periodic payments of principal and interest on the mortgages, she sought to recover not only these sums, but all the sums unpaid on the mortgages and notes at the time of her husband's death. In effect we must construe that she sought to exonerate the properties from the balances due on the mortgage debts and sought contribution for the sums she had actually paid. However, even if the principle of exoneration is involved, it is well settled that this principle does not apply to a purchase money mortgage executed by both spouses on estate by the entireties property. Cunningham v. Cunningham, supra; Bardner v. Waldman, R.I. 1955, 111 A.2d 922; and In re Staiger's Estate, 1929, 104 N.J. Eq. 149, 144 A. 619.
For the reasons above expressed the final decree appealed from is reversed.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.