140 A.2d 139 (1958)
In re ESTATE of Aaron KEIL, Deceased.
Orphans' Court of Delaware, New Castle.
March 31, 1958.
Harold Shaffer, Wilmington, for petitioners.
Charles L. Paruszewski, Wilmington, for Ada B. Keil.
Stewart Lynch, Wilmington, for St. Francis Hospital.
Blaine T. Phillips, Wilmington, for The Delaware Hospital.
Henry M. Canby, Robert H. Richards, Jr., and Stephen E. Hamilton, Jr., Wilmington, for Wilmington General Hospital and Homeopathic Hospital Ass'n.
Albert J. Stiftel, Wilmington, for Ladies Bichol Cholem Moshev Zekenim Soc.
CHRISTIE, Judge.
The executors under the will of Aaron Keil, deceased, seek a decree of distribution. The only matter in dispute is the duty of the estate in respect to a debt secured by a mortgage which is a lien on real property formerly held by the deceased and his surviving widow as tenants by the entireties and now held by the widow as surviving tenant.
On December 16, 1954, the deceased and Ada B. Keil, his wife took title to 2 East 13th Street, Wilmington, Delaware, as tenants by the entireties. Thereafter, on April 11, 1956, a mortgage was placed against the property for $8,000. Both husband and wife executed a joint and several bond secured by the mortgage. The bond and mortgage were payable on the expiration of five years after date although the mortgagors had the right to pay the debt sooner without penalty. The proceeds of the mortgage were used to pay for improvements to the real estate.
On August 5, 1956, Aaron Keil died. Subsequently, the deceased's will dated January 26, 1955, was duly probated. The will provided for numerous bequests. There was a bequest to the deceased's wife and bequests to certain collateral relatives and to charities and hospitals. The will stated the order in which the payment of the bequests should be made in the event that there were insufficient funds to pay all of them in full.
*140 The executors seek instructions as to what payment, if any, should be made from assets of the estate in respect to the mortgage indebtedness. The bequest to the deceased's widow of $35,000 will be paid in full no matter how this case is decided. The accounting of the executors shows that there are insufficient funds to pay in full the bequests to the four Wilmington hospitals if the estate pays the debt secured by the mortgage binding the property at 2 East 13th Street. The residuary beneficiary under the will, Ladies Bichol Cholem Moshev Zekenim Society and Hachnosas Orchim, will receive nothing if the debt is paid by the estate but will receive a sum if the debt is not paid by the estate. No portion of the mortgage indebtedness has been paid, and, so far as the record reveals, no demand for such payment has been made by those holding the mortgage.
The duties and rights of an estate and of the surviving spouse in respect to a debt secured by a mortgage on property held by the entireties have not been defined in any reported decision in Delaware.
The executors take no position but merely seek instruction. The widow of the deceased contends that the executors under her husband's will are obligated to pay the entire debt secured by the mortgage or at the very least to pay one half of such debt.
The widow's first contention is based on the fact that the mortgage and its bond represent a debt of the deceased and his will directs that his debts be paid by his estate. She contends that this standard language in his will, coupled with all the surrounding circumstances, shows an intent on the part of the testator that the debt secured by the mortgage be regarded as one of his debts and accordingly paid in full from the assets of the estate. The widow points out that the property in question was free of all liens at the time the will was executed. This, she contends, indicates his intention that such property should come to her free of liens. The widow also points out that the bequest to her of $35,000 is, under the express terms of the will, to be paid in full prior to the payment of the various other legacies. This, says the widow, indicates that the deceased did not intend to have his wife's share of his estate diminished by $8,000 in order to pay off a mortgage on their real estate. It could have been argued with almost equal logic that the deceased did not intend that four bequests to hospitals and a residual charitable gift be defeated by the payment of the debt.
The wording of the will and the surrounding circumstances do not show any clear intention of the deceased one way or the other in respect to the problem before the Court. The routine will provision that the deceased's debts be paid is not deemed in itself to require the liquidation of a debt secured by a mortgage on property passing to a surviving tenant by the entireties where the debt is not yet due and no demand or proof of such debt has been made by the creditor. If liquidation of the debt does take place, such will provision does not in itself waive any legally enforceable right the estate may have to contribution from the surviving tenant and fellow debtor.
The widow next contends that the estate of the deceased has a legal duty, quite apart from any provisions of the will, to exonerate the real estate from the lien of the mortgage out of the personal property of the deceased. Under this argument, cases are cited to show that in Delaware the debts of the deceased including mortgages are to be paid first from the personal property of the deceased and that the real estate is looked to only if the personal property is inadequate. Cooch's Executor v. Cooch's Administrator, 1879, 5 Houst. 540; Equitable Trust Co. v. Shaw, 1937, 22 Del. Ch. 47, 194 A. 24. These cases do not, however, assist in determining an estate's duties or rights in respect to the surviving tenant by the entireties. It is obvious that the estate would have had a duty to liquidate the debt if the debt were due and the creditor presented proof thereof under the *141 statute. It is also obvious that the first source of funds would be the personal estate. But even if such proof had been presented and the debt had been paid by the estate, the problem of ultimate responsibility would still confront the estate from another angle. The estate would need then to know what rights, if any, it has against the surviving tenant.
The real problem here centers around the legal duties of the surviving tenant and of the deceased tenant's estate as between such parties only, the duty of each to the creditor being clear. The problem before the Court arises out of the relationship between the debtors on account of their creation of a debt secured by a mortgage on land held by the entireties. This problem is not solved by any general requirement that debts of a deceased be paid by his estate.
I conclude, therefore, that an estate's duty to pay a proven debt on demand does not solve the issue of who shall ultimately bear the cost of liquidating a debt secured by a mortgage on real property held by the entireties.
No cases are cited which cast this entire burden on the estate of the first to die and such a result would only follow if a will clearly and specifically provided for payment of debts secured by mortgages on property held by the entireties by the estate.
Finally the widow contends that in any case the estate of the deceased has a legal obligation to contribute one half the cost of liquidating this joint and several debt. A number of cases, including several from neighboring states, are cited which clearly support this contention. Cunningham v. Cunningham, 1930, 158 Md. 372, 148 A. 444, 67 A.L.R. 1176; In re Kershaw's Estate, 1945, 352 Pa. 205, 42 A.2d 538; Magenheimer v. Councilman, 1919, 76 Ind. App. 583, 125 N.E. 77; Underwood v. Ward, 1954, 239 N.C. 513, 80 S.E.2d 267.
The other appearing beneficiaries, in turn, contend that the debt secured by a mortgage on property held by husband and wife as tenants by the entirety follows the property and is not, as between the tenants, a debt of the first to die. Or, to put it another way, the other beneficiaries contend that the surviving tenant by the entirety retains the obligation to pay the entire debt and is not entitled to any contribution from the estate of the deceased. Lopez v. Lopez, Fla.1956, 90 So.2d 456; Ratte v. Ratte, 1927, 260 Mass. 165, 156 N.E. 870; In re Dell's Estate, 1935, 154 Misc. 216, 276 N.Y.S. 960.
After study of the two lines of cases, I conclude that a surviving spouse who as survivor retains title to property held by the entireties must also assume the entire ultimate responsibility for the debt secured by a mortgage on the property. Such rule, however, would apply only as between the surviving spouse and the deceased spouse's estate.
A very clear and brief analysis of the two lines of cases is given by the Florida Supreme Court in Lopez v. Lopez, supra. The facts in that case were almost identical to those of this case except that the mortgage there involved was a purchase money mortgage. I here adopt almost word for word much of the analysis made by the Florida Court.
The cases requiring a 50 per cent contribution by the estate of the first to die proceed on the theory that the obligation of the note and mortgage are to be considered separate and apart from the nature of the security; that husband and wife are joint and equal principals as to the obligation and that as between joint and equal principals the right of contribution exists.
The cases holding that the ultimate obligation is solely that of the surviving spouse proceed on that theory that the nature of the obligation of the deceased spouse is to be considered in the light of the incidents of ownership of the property which is security for the debt, that the husband and wife each simultaneously own the whole of the estate, and that the burden of the *142 debt should rest on the one retaining the benefit of the whole title to the pledged real estate.
Another argument mentioned in support of the Lopez decision centers around the contention that the estate of the deceased receives no benefit from the payment of the mortgage since such mortgage is not a lien on estate property. This last argument tends to beg the question. If the estate has a legal duty to pay off a part of the mortgage, the duty is not dependent on any benefit to the estate, or conversely the meeting of a legal duty may be regarded as a benefit.
Although both lines of cases contain reasoning that appears to be based on sound legal principles, one line must be held to be inapplicable here. The one line emphasizes the law surrounding the rights and obligation of those signing a joint and several note. The other line emphasizes the law surrounding the special nature of a tenancy by the entireties. As a matter of legal principle and as the more practical solution to the problem I find the Lopez decision to contain the correct view of the matter. Since this is a dispute between the surviving tenant and the estate of the deceased tenant and the rights of the creditor are not involved, it is proper that the relationship between the tenants and not their duties to creditors or their rights as debtors be emphasized. As between the tenants the obligation to pay the debt secured by the mortgage is deemed to remain with the title to the land in the surviving spouse.
A decree of distribution will be approved which makes no provision of the payment of the principle of the debt secured by a mortgage on the property at 2 East 13th Street, Wilmington.