**In re ESTATE of Rhoda W. PARNELL.**
**No. 117357.**

United States District Court
District of Columbia.

Sept. 27, 1967.

**610**

Shellie F. Bowers, Washington, D. C., for William White, Heir.

Benjamin Rossner, Washington, D. C., for Archie Parnell, Administrator.

## OPINION

HOLTZOFF, District Judge.

The question presented by the objections of the heir of the intestate to the account of the administrator, is whether in case of a tenancy by the entirety, if one spouse dies, the surviving spouse, who pays debts secured by a deed of trust or a mortgage on the property in question, is entitled to contribution from the estate of the deceased spouse for one-half of the payments made by him. In this instance the Administrator in his account proposes to claim such contribution.

This question has not been decided by the Court of Appeals for the District of Columbia. There are, however, unpublished decisions by judges of this Court allowing such contributions. Since the District of Columbia derives its common law from Maryland, decisions of the Court of Appeals of Maryland on questions that have not been determined by the Court of Appeals for this Circuit are of great weight, and perhaps of greater weight than decisions of the courts of other states. This is peculiarly true in connection with the law of real property. The Court of Appeals of Maryland, in Cunningham v. Cunningham, 158 Md. 372, 148 A. 444, 67 A.L.R. 1176, held that in such a situation the right of contribution exists. The basis for the rulings to which the Court has just referred is that if both spouses were liable for the indebtedness, the estate of the deceased spouse is liable for half of it and, therefore, is liable for contribution to the surviving spouse if the latter pays the entire indebtedness.

Insofar as the equities are concerned, the Court is of the opinion that they are clearly with the surviving spouse. The husband and wife acquired the property in question as tenants by the entirety, presumably as a residence. He took it by right of survivorship. There is no reason why the next of kin should have a windfall, which they would receive if the estate of the deceased spouse was not required to contribute one-half of the payment made by the surviving husband.

The objections to the administrator's account are overruled.