**William J. WHITE, Appellant,**

v.

**Archie PARNELL, Appellee.**

**No. 21486.**

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1968.

Decided May 24, 1968.

Mr. Shellie F. Bowers, Washington, D. C., with whom Mr. Carlisle E. Pratt, Washington, D. C., was on the brief, for appellant.

Mr. Benjamin F. Rossner, Washington, D. C., for appellee.

Before BASTIAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

BASTIAN, Senior Circuit Judge:

This is an appeal from a judgment of the District Court overruling objection to the First and Final Account of the Administrator of the Estate of Rhoda W. Parnell, Deceased. The facts are simple and are not in dispute.

It appears that by deed dated October 10, 1963, appellee, Archie Parnell, and his wife, Rhoda W. Parnell, purchased premises 629 Harvard Street, N.W., in the District of Columbia, taking title as tenants by the entireties. In connection with the purchase they executed two promissory notes, one in the amount of $10,000 and the other for $2,950, secured respectively by first and second deeds of trust on the property purchased. Thereafter, on July 8, 1966, Rhoda W. Parnell died intestate, leaving as her sole heirs and next of kin the appellant, William J. White, her brother, and the appellee, Archie Parnell, her husband. Intestate's husband was appointed administrator of the estate. As of the date of her death, the deed of trust notes had been reduced respectively to $9,322.36 and $2,456.79.

In connection with the First and Final Account, the administrator claimed there was due from the deceased wife's personal estate one-half of the balance due on each of the above mentioned trust notes. Objection to the administrator's account was filed by appellant, it being claimed by him that decedent's personal estate was not liable for contribution toward payment of the notes. The objection, after hearing, was overruled by the District Court, and this appeal followed.

The question for our consideration is whether a surviving tenant by the entireties, who has become sole owner of certain real estate held by him and the decedent tenant by the entireties, is entitled to contribution from the personal estate of the deceased co-tenant toward payment of jointly executed promissory notes secured by deeds of trust on the property.

■ This precise question, so far as we have been able to discover, has not been passd upon by this court. The District Court, however, has on several occasions, including the case presently being appealed, decided this question in the affirmative. For example, in the case of In re Estate of Lizzie A. Lewis, Deceased, Administration No. 53756, the late Judge Bolitha J. Laws wrote a memorandum opinion so holding.[1] In other jurisdictions where such cases have been decided, there is a divergence of opinion on this question, although the better rule seems to us to hold in favor of contribution from the personal estate of a deceased tenant by the entireties.[2]

Central to the reasoning in most of the cases allowing contribution is a recognition of two settled legal concepts. First, when a husband and wife take by tenancy by the entireties, the interest of each of comprehends the entire fee. Thus, when the survivor takes the realty upon the death of his or her mate, there is no conveyance, since the survivor's titled already extended to the whole of the property. This fact was recognized by Judge Laws in his memorandum opinion, *supra*, when he wrote:

> "Ownership thus held constitutes ownership of the whole of the property, not of equal portions. Therefore, upon the death of one of the parties, in this case the wife, the husband takes nothing from the deceased, but the interest of the latter simply ceases. There is no conveyance involved."

■ The second applicable legal concept, even more elementary than the first, is the severability of the note and the deed. Decedent, in her lifetime, incurred the obligation as a co-principal on the notes, and we can see no reason why her death should change her liability. The deeds of trust were simply the security; the notes themselves were the primary obligation. Decedent could have been sued on the notes at any time

1. Both Judge Laws and Judge Holtzoff, in his opinion in the instant case, relied heavily upon Cunningham v. Cunningham, 158 Md. 372, 148 A. 444, 67 A.L.R. 1176 (1930), which held a right of contribution exists. Such heavy reliance stems from the statutory requirement, now codified at 49 D.C.Code § 301 (1967), that we look to the laws of Maryland for guidance when a question novel to our law is before us. This statute does not demand blind allegiance, however, particularly as to the common law. Linkins v. Protestant Episcopal Cathedral Found., 87 U.S.App.D.C. 351, 187 F.2d 357, 28 A.L.R.2d 521 (1951).

2. Re Keil's Estate, 51 Del. 351, 145 A.2d 563, 146 A.2d 398, 76 A.L.R.2d 996 (1958); Underwood v. Ward, 239 N.C. 513, 80 S.E.2d 267 (1954); Montsinger v. White, 240 N.C. 441, 82 S.E.2d 368 (1954); Re Long's Estate, 65 Pa.Dist. & Co.R. 95 (1948); Nobile v. Bartletta, 109 N.J.Eq. 119, 156 A. 483 (1931); Newson v. Shackleford, 163 Tenn. 358, 43 S.W.2d 384 (1931); Cunningham v. Cunningham, *supra* note 1; Wachovia Bank & Trust Co. v. Black, 198 N.C. 219, 151 S.E. 269 (1930); Magenheimer v. Councilman, 76 Ind.App. 583, 125 N.E. 77 (1919). *Contra*, Lopez v. Lopez, 90 So. 2d 456 (Fla.1956); Robinson v. Bogert, 187 Misc. 755, 64 N.Y.S.2d 152 (1946); Ratte v. Ratte, 260 Mass. 165, 156 N.E. 870 (1927); Geldart v. Bank of New York & Trust Co., 209 App.Div. 581, 205 N.Y.S. 238 (1942).

there was a default and, if the property were foreclosed and a deficiency existed, she, and on her death her estate, would have been responsible, along with her husband, for the entire amount of the notes as obligee. The notes on the property will have to be paid by the survivor, and it follows that he is entitled to contribution from the estate of the decedent.

The judgment of the District Court is Affirmed.