SMITH, Acting Chief Judge.
Appellant, resisting the bank’s action on a promissory note given by appellant and her deceased husband, urges that the note, bearing the statutory maximum interest rate of ten percent annually, was rendered usurious by the bank’s collection from the makers of an additional $317.73 for the payment of the intangible tax which the State levied on the value of the note against the owner bank. Sections 199.-032, .052, 687.03(1), Florida Statutes (1977). The trial court held that the anticipated intangible tax payable by the bank was, like a documentary stamp tax, an actual and reasonable expense directly attributable to the loan, and so was subject to contractual assumption by the borrowers without regard for statutory interest limits. We agree. See Financial Federal Savings and Loan Ass’n v. Burleigh House, Inc., 305 So.2d 59 (Fla. 3d DCA 1974).
No error appears in the trial court’s decision rejecting, upon a trial, appellant’s affirmative defense of estoppel. See Lopez v. Lopez, 90 So.2d 456 (Fla.1956).
The judgment is AFFIRMED. The bank’s motion for an allowance of fee money for its counsel’s appellate services is GRANTED in the amount of $1,000.
ERVIN, J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.