# Richmond

CHARLES EDWARD BROWN, ADMINISTRATOR, ETC. v. CARRIE HARGRAVES.

March 11, 1957.

Record No. 4618.

Present, All the Justices.

The opinion states the case.

*Philip S. Walker* (*Walker, Walker & Walker*, on brief), for the appellant.

*T. J. Christian*, for the appellee.

SPRATLEY, J., delivered the opinion of the court.

This proceeding was instituted by Charles Edward Brown, as administrator of the estate of Daisy Brown, deceased, and in his own

right, hereinafter referred to as plaintiff, against Carrie Hargraves, seeking instruction and guidance of the court in the settlement of the estate committed to his hands. In due course the cause was referred to a commissioner in chancery to inquire into and report to the court, among other matters, whether or not the personal estate of the decedent should be applied to the payment of a debt evidenced by two notes, jointly executed by Daisy Brown and Charles Edward Brown. The notes were secured by deeds of trust made by the decedent and Charles Edward Brown upon lands of which they were seized as joint tenants, with the right of survivorship as at common law.

The commissioner reported that the personal estate of Daisy Brown was not liable for the payment of the above described indebtedness. The plaintiff excepted to that finding. The trial court affirmed, and ordered and directed the administrator, after paying the funeral expenses and costs of administration, to pay the balance in his hands for distribution to Carrie Hargraves, as the sole heir at law and distributee of Daisy Brown. We granted this appeal.

The facts are not in dispute, and the controversy has been submitted upon the following agreed statement of facts:

By a deed dated January 2, 1954, Virginia W. Wenzel conveyed to Daisy Brown and Charles Edward Brown, as joint tenants, with the right of survivorship as at common law, a parcel of land in the City of Newport News, Virginia. By a deed of trust, dated January 2, 1954, Daisy Brown, widow, and Charles Edward Brown, unmarried, conveyed the above property to a trustee to secure David Fenigsohn the payment of a negotiable promissory note of even ·date therewith, made by Daisy Brown and Charles Edward Brown, in the principal sum of $3500, with interest.

By another deed of trust, dated January 2, 1954, Daisy Brown, widow, and Charles Edward Brown, unmarried, conveyed the same property to a trustee to secure to Virginia W. Wenzel the payment of a negotiable promissory note, made by Daisy Brown and Charles Edward Brown, in the principal sum of $4000, with interest.

Daisy Brown died intestate on July 3, 1954, and Charles Edward Brown was duly appointed and qualified as administrator of her estate. At the date of the death of Daisy Brown the sum of $3,363.41 was due on the principal amount of the first note, and the sum of $3,-974.41 on the principal amount of the second note.

No debts are asserted against the estate of the decedent, save that evidenced by the above notes. After payment of funeral expenses

and costs of administration, there remained in the hands of the administrator about $2,000, an amount less than half of the balance due on the notes in question. Carrie Hargraves is the sole heir at law and distributee of Daisy Brown.

In this jurisdiction, we have long followed the common law rule that in the absence of a contrary testamentary direction, the personal estate of a decedent is the primary fund for the payment of his debts, even though they may be secured by deed of trust given by the decedent in his lifetime on real estate. *New's Executrix* v. *Bass, Brown & Co.*, 92 Va. 383, 389, 23 S. E. 747; *Todd* v. *McFall*, 96 Va. 754, 763, 32 S. E. 472; *Peatross* v. *Gray*, 181 Va. 847, 856, 27 S. E. 2d 203; *Owen* v. *Lee*, 185 Va. 160, 164, 37 S. E. 2d 848; Harrison on Wills and Administration, § 353, page 642.

Cf. also *Dandridge* v. *Minge*, 4 Rand. (25 Va.) 397; *Elliott* v. *Carter*, 9 Gratt. (50 Va.) 541; and *French* v. *Vradenburg*, 105 Va. 16, 18, 52 S. E. 695.

In the absence of a statute to the contrary, or a contrary testamentary direction, it is very generally considered in other jurisdictions that, even though a debt is secured by a mortgage or other lien on land, if it is a personal debt of the decedent, it is to be paid primarily out of his personalty. In some jurisdictions realty is placed on the same footing with personalty, and in others exceptions are allowed for some equitable reason. 16 Am. Jur., Descent and Distribution, § 116, page 895; 33 C. J. S., Executors and Administrators, § 263 a, page 1274; 34 C. J. S., Executors and Administrators, § 479 a and b, pages 360 *et seq.* Cf. Annotations dealing with right of heir or devisee to have real property exonerated from liens thereon and at expense of personal estates. 5 A. L. R. 488; 67 A. L. R. 1181. See also 26A C. J. S., Descent and Distribution, § 125 b, page 825.

Appellee does not question the general rule; but claims that where, as here, the entire estate is vested in the surviving joint tenant, and the estate of the deceased takes nothing in the property, an exception applies under the principles of equity. Reliance is placed upon the case of *In Re Staiger's Estate*, 104 N. J. Eq. 149, 144 Atl. 619.

In Virginia, the common law rule, hereinbefore stated, has long been consistently followed. There has been no alteration nor amendment of the rule by statute, nor any exceptions engrafted thereon in our decisions.

The principles applied in *In Re Staiger's Estate, supra,* are not applicable in this jurisdiction. In that case, the court held that de-

cedent's widow was not entitled to have land held by herself and decedent by the entirety, subject to money bonds and mortgages made by husband and wife, exonerated by payment from the husband's personal estate. It was pointed out that the reason underlying the common law rule of exoneration is that the personal estate of the deceased mortgagor had the benefit of money from the realty, and the rule did not apply where the bonds and mortgages asked to be exonerated were not the sole and single obligation of the deceased husband; but to the contrary were the joint and several obligations of the deceased and his wife; and that to exact exoneration under such conditions would deprive the common law rule of all its equity, and take from it the reason for its existence. Another ground for denying exoneration in such circumstances was stated to be that the decedent and his wife, during the continuance of their joint lives, were seized of such lands in their entirety and not in equal undivided portions. When the husband died, his widow took nothing in such lands from him, but under the conveyance to them. His interest therein merely ceased. The opinion in the case refers to a New Jersey statute changing the common law rule with respect to devisees and descents of land subject to mortgages; but there is no reference to the principle of contribution between parties jointly and severally liable.

Here, Daisy Brown and Charles Edward Brown, the makers of the notes, were engaged in a joint enterprise. They made and signed personal obligations, whereby each of them became personally liable to the holders of the notes for the full amounts thereof, and, as between themselves, jointly and severally liable. Subject to a common burden to be borne equally, each had the right to look to the other for reimbursement for any amount expended beyond the proportionate amount required to be paid by each of them. Thus each was entitled to the right of contribution, an equity which arises when one of several parties liable on a common debt discharges the obligation for the benefit of all. *Van Winckel* v. *Carter*, 198 Va. 550, 555, 95 S. E. 2d 148.

The answer to the question presented us depends upon whether or not the obligation was one for which each of the makers thereof was personally liable. That question must be answered in the affirmative.

In this case, whether the debt was for a loan for money advanced, for purchase-money, or was secured or unsecured, is not material in fixing liability. Where the obligation to pay the debt is personal, joint and several, as here, it is the nature of the obligation which con-

trols.  Cf. Annotation, 5 A. L. R. page 503.  The debt evidenced by the notes was created when the notes were executed.  The makers thereof became primarily liable, jointly and severally.  The deeds of trust merely created liens on the realty, a collateral security for the payment of the notes.

In some jurisdictions where a wife takes title to realty as surviving tenant by the entirety, for which land she and her husband had executed obligations for the payment of the purchase price, it has been held that the husband and wife were joint and equal principals, and, as between them, the right of proportionate contribution existed for the payment of the debt, and that such right was assertable against the estate of the deceased principal.  *Wachovia Bank & Trust Co.* v. *Black*, 198 N. C. 219, 151 S. E. 269; *Underwood* v. *Ward*, 239 N. C. 513, 80 S. E. 2d 267; *Montsinger* v. *White*, 240 N. C. 441, 82 S. E. 2d 362; *Magenheimer* v. *Councilman*, 76 Ind. App. 583, 125 N. E. 77; *Cunningham* v. *Cunningham*, 158 Md. 372, 148 Atl. 444, 67 A. L. R. 1176.

Since the estate of Daisy Brown is liable for her debts, and the proceeds of her personal estate are primarily liable for paying them, we are of opinion that Charles Edward Brown is entitled, under the right of contribution, to have her personal estate charged with liability for one-half of the joint indebtedness evidenced by the notes in question.  The cause is remanded for such further proceedings as may be necessary, in conformity with the views herein expressed.

*Reversed and remanded.*