Present:  Carrico, C.J., Compton, Stephenson, Lacy, Hassell,
and Koontz, JJ., and Whiting, Senior Justice

OWEN B. PICKETT, EXECUTOR UNDER THE
WILL OF H. CALVIN SPAIN, DECEASED
                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 961958          June 6, 1997

SUSAN C. SPAIN

     FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
          J. Warren Stephens, Judge Designate


     In this appeal, we consider whether the doctrine of

election prevents a beneficiary named in a will from

asserting a right of contribution arising from her payment

of debts she and the testator owed at the time of the

testator's death.

     The litigants stipulated the following facts.  H.

Calvin Spain died testate on December 4, 1992.  The

beneficiaries of his will and a trust, both executed on

November 17, 1992, were his widow, Susan C. Spain, and three

children from a previous marriage.

     The will directed the executor, Owen B. Pickett, to pay

the testator's "just debts, excluding any mortgage

indebtedness on [the] home for which [his] wife and [he] are

jointly liable, even though [his] home passes to her by

survivorship. . . ."  The trust agreement contains the

following provision:
        "In the event that the intangible personal
     property passing as part of the Residuary Estate
     under the Grantor's last will and testament is not
     sufficient to pay all the Grantor's debts
     (excluding any debt secured by deed of trust or
     other lien upon the real estate constituting the
     Grantor's residence for which the Grantor and his
     wife are jointly liable) . . . then the Trustee
     may pay out of the Trust Fund to the Grantor's

personal representative such amount as, when added
to the intangible personal property available to
the Grantor's personal representative from
property passing as part of the Grantor's
Residuary Estate under his Will, will be
sufficient to pay in full all such debts,
expenses, legacies, costs and taxes, subject to
instructions hereinafter set forth."

Under the will, the decedent's tangible personal property was vested in his children, but the wife had the "nonassignable personal exclusive right to the use in [the marital] home of all [the decedent's] furniture and furnishings in [the] home for so long as she lives and does not remarry."

The remainder of the decedent's personal property was left to his executor as trustee under the trust agreement. Among other things, the trust agreement created a residuary trust which included tangible personal property and the remaining assets of the estate following payment of debts. The trust agreement authorized the trustee to "use the diverted funds [income on the Residuary Trust] as necessary to protect the value and ownership of the [marital] residence until the same can be liquidated in a reasonable time and in the reasonable course of business." In conformity with that direction, the trustee paid $32,636.30 from the trust for monthly mortgage payments and insurance and maintenance for the marital residence.

In 1982, Mrs. Spain purchased and took title to the marital residence with $110,000 of the proceeds from the sale of her former residence. Subsequently, she executed a

deed of gift conveying the marital residence to her husband and herself as tenants by the entirety with rights of survivorship. To fund certain obligations of the husband, the Spains executed notes secured by deeds of trust upon the marital residence, which were satisfied after the husband's death when Mrs. Spain sold the former marital residence. The balance of the notes at the time of satisfaction was approximately $246,729.

By letter dated June 23, 1993, Mrs. Spain informed the executor that she was entitled to contribution from the estate for one-half of the mortgage indebtedness for which she and the testator were jointly obligated. The executor refused to honor her claim and asserted that she could not recover contribution from the estate because she had purportedly elected to receive certain benefits pursuant to the terms of the will. Mrs. Spain challenged the executor's accounting before the commissioner of accounts, who approved the accounting as submitted by the executor. Mrs. Spain filed exceptions to the commissioner of accounts' report with the chancellor, who sustained her exceptions and awarded her contribution. The executor appeals.

The executor argues that Mrs. Spain is not entitled to receive contribution for her payments in satisfaction of the mortgages because she voluntarily elected to accept benefits under the will and trust. We disagree.

We have discussed the doctrine of election on several occasions.

> "[I]n order to make a case of election it is equally well settled that the intention of the testator to give that which is not his own must be clear and unmistakable. It must appear from his language, which is unequivocal and which leaves no room for doubt as to the intention of the testator. Penn v. Guggenheimer, supra. . . . It is not necessary that such intention should be expressly declared, but it may be gathered from the whole and every part of the instrument. But the will must be reasonably construed, even where by so doing the parties are put to an election. Penn v. Guggenheimer, supra. . . ."

Waggoner v. Waggoner, 111 Va. 325, 328, 68 S.E. 990, 991-92 (1910); accord Johnson v. McCarty, 202 Va. 49, 57-58, 115 S.E.2d 915, 921 (1960); Penn v. Guggenheimer, 76 Va. 839, 846 (1882); Gregory v. Gates, 71 Va. (30 Gratt.) 83, 89-90 (1878).

Here, the doctrine of election simply has no application. Mrs. Spain has a common law right of contribution against the estate of the testator because she was a co-maker of the notes which were secured by deeds of trust on property owned jointly by co-makers with the right of survivorship. See Brown, Adm'r v. Hargraves, 198 Va. 748, 751, 96 S.E.2d 788, 791 (1957). See also Code § 8.01-11(B). The testator did not use language in his will or his trust which evinces a clear intention to require Mrs. Spain to make an election between her right of contribution and any benefit she may receive under the will.

For the foregoing reasons, we will affirm the judgment of the chancellor.

Affirmed.