PRESENT: Koontz, Kinser, Lemons, Goodwyn, Millette, and Mims, JJ., and Russell, S.J.

CHRISTINE DOLBY

OPINION BY

v.    Record No. 091023        JUSTICE LEROY F. MILLETTE, JR.

June 10, 2010

CATHERINE DOLBY, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

In this appeal of a suit to seek aid and direction regarding the administration of a decedent's estate and trust, we address whether the circuit court erred in ruling that the decedent's estate was not liable for a debt evidenced by a promissory note, that was executed solely by the decedent, and secured by a deed of trust on real property held by the decedent and the decedent's surviving spouse as tenants by the entirety with the right of survivorship.

BACKGROUND

In 2002, Cornelius A. Dolby (Dolby) acquired title, in his name alone, to a house in McLean (the Property). In connection with the acquisition of the Property, Dolby executed a promissory note, also in his name alone, secured by a deed of trust with the Property as security. In 2005, Dolby refinanced and satisfied the original note and executed a new promissory note secured by a new deed of trust with the

Property as security.  Dolby was the sole obligor on the new 2005 note.

In early 2006, Dolby married Christine G. Dolby (Mrs. Dolby).  On August 28, 2006, Dolby executed a deed transferring the Property to himself and Mrs. Dolby as tenants by the entirety with the right of survivorship.  Dolby remained the sole obligor on the note after this transfer of ownership.  Mrs. Dolby was not added as a joint obligor on the note, nor did she assume the obligation.

On September 19, 2006, Dolby executed a will and an amended trust.  Article 1.3 of the will provides for the payment of "all legally enforceable debts."  Article 1.3 stated in part:

> I hereby expressly empower my executor to pay such debts and expenses . . . .  My Executor shall not be required to pay prior to maturity any debt secured by mortgage, lien or pledge of real or personal property owned by me at my death, and such property shall pass subject to such mortgage, lien or pledge.

Dolby died on December 25, 2006, and Mrs. Dolby, as the surviving spouse and tenant by the entirety, received title to the Property in fee simple absolute by operation of law.  Mrs. Dolby, Kent Dolby, and Kirkmon Dolby (collectively, the Executors) were appointed as co-executors of the estate pursuant to Dolby's will.  The Executors filed a complaint for aid and direction regarding the estate, asking the circuit

2

court to determine whether Dolby's estate or Mrs. Dolby was liable for payment of the indebtedness on the note secured by the deed of trust (the mortgage debt). Mrs. Dolby filed an answer asking that the estate be responsible for the mortgage debt. Catherine J. Dolby, Kimberly Dolby Lauth, and Heather Dolby Kho (collectively, the Dolby children), as beneficiaries under the trust, filed an answer requesting that the mortgage debt not be paid from the estate, but instead pass with the Property as a lien on the Property.

At the conclusion of the bench trial, the circuit court issued a letter opinion and an order ruling that the mortgage debt was not an obligation of Dolby's estate and shall not be paid from the estate, and that the Property should pass to Mrs. Dolby subject to the debt. The circuit court held that Article 1.3 of Dolby's will evinced his intent that the Property pass to Mrs. Dolby subject to the mortgage debt.

Mrs. Dolby appeals. The Executors and the Dolby children participated in the appeal as appellees.

### DISCUSSION

Mrs. Dolby argues that the circuit court erred in ruling that the mortgage debt is not an obligation of Dolby's estate because Virginia law requires that an estate pay its just debts. Mrs. Dolby contends that the mortgage debt is a debt of the Dolby estate because Dolby executed the note in his

3

name alone, and thus was personally and solely liable for the mortgage debt, even though it was secured by the mortgage on the Property. Mrs. Dolby asserts that a testator does not have the authority to direct his or her estate not to pay a just debt or to shift the obligation of the debt to property that is outside of the testator's estate.

In response, the Dolby children argue that a testator may assign his or her debts to property that secures that debt. The Dolby children concede that the Property is not part of Dolby's estate and that the pertinent language in the will refers only to transfers under the will. The Dolby children argue, however, that the circuit court's ruling was correct because it gave effect to Dolby's intent that the mortgage debt pass with the Property.

The issue whether Dolby's estate is liable to pay the mortgage debt is resolved by answering two questions: (1) whether Dolby had a personal obligation to pay the debt, and (2) whether the mortgage debt is secured by real property owned by Dolby upon his death. The answer to the first question is that Dolby was personally and solely liable for the note that he signed. Brown v. Hargraves, 198 Va. 748, 751, 96 S.E.2d 788, 791 (1957). In Brown, we addressed whether a deceased joint tenant's estate was liable for payment of a debt evinced by two notes, jointly executed by

4

both joint tenants, which were secured by deeds of trust on land held as joint tenants with the right of survivorship. Id. at 749, 96 S.E.2d at 789. In holding that the deceased joint tenant's estate was liable for one-half of the joint debt, we stated:

> The answer to the question presented us depends upon whether or not the obligation was one for which each of the makers thereof was personally liable. That question must be answered in the affirmative.
> In this case, whether the debt was for a loan for money advanced, for purchase-money, or was secured or unsecured, is not material in fixing liability. Where the obligation to pay the debt is personal, joint and several, as here, **it is the nature of the obligation which controls**. Cf. Annotation, 5 A.L.R. page 503. The debt evidenced by the notes was created when the notes were executed. The makers thereof became primarily liable, jointly and severally. The deeds of trust merely created liens on the realty, a collateral security for the payment of the notes.

Id. at 751-52, 96 S.E.2d at 791 (emphasis added).

In this case, unlike in Brown which involved a joint obligation of the two owners of the secured property, the mortgage debt arises from a note upon which Dolby was solely liable. Mrs. Dolby was not added as a joint obligor on the note, nor did she assume the obligation. Although Dolby and Mrs. Dolby owned the Property as tenants by the entirety with the right of survivorship upon Dolby's death, the mortgage debt on the Property remained a personal obligation of Dolby at the time of his death. Therefore, the mortgage debt is a

5

debt of Dolby's estate.  Id. at 752, 96 S.E.2d at 791-92.  See also Caine v. Freier, 264 Va. 251, 259, 564 S.E.2d 122, 127 (2002) (holding that a deceased spouse's estate is liable for contribution to the surviving spouse on a mortgage debt upon which both spouses were personally liable).  Additionally, Article 1.3 of Dolby's will directs the Executors to pay all of the estate's "legally enforceable debts."

The second question we must answer to determine if Dolby's estate is liable for the mortgage debt is whether the mortgage debt is secured by real property owned by Dolby upon his death.  The answer to that question is no.  Article 1.3 provides that the Executors are not required to pay prior to maturity any debt secured by mortgage on real property that is owned by Dolby upon his death.  This exception does not apply to the Property because Dolby's ownership interest did not survive his death.  Id. at 259, 564 S.E.2d at 126.  Rather, Dolby and Mrs. Dolby owned the Property as tenants by the entirety with the right of survivorship.  Therefore, the Property passed to Mrs. Dolby by operation of law and is not part of the Dolby estate.  The exception exempting the Executors from paying a debt prior to its maturity does not apply, and the Dolby estate must, according to the will, pay the mortgage debt.  The circuit court erred in concluding that

6

the exception in Article 1.3 for mortgages on real property applied.

The Dolby children's argument that the estate is not liable to pay the mortgage debt because Dolby did not intend for his estate to pay the mortgage debt is without merit. Virginia law has long held that the testator's intent is the "guiding star" in interpreting wills. Smith v. Trustees of Baptist Orphanage, 194 Va. 901, 903, 75 S.E.2d 491, 493 (1953). When such intent is ascertained, "effect will be given to it unless it violates some rule of law, or is contrary to public policy." Conrad v. Conrad, 123 Va. 711, 716, 97 S.E. 336, 338 (1918). Clearly, a testator cannot lawfully direct the executor of his or her estate not to pay lawfully enforceable debts based upon the testator's sole and personal obligation, or to charge such debts against property that passes outside of the testator's estate. Edmunds v. Scott, 78 Va. 720, 726 (1884) (holding that the duty of an executor of an estate is to first pay the decedent's debts).

## CONCLUSION

For the reasons stated, we will reverse the judgment of the circuit court and enter final judgment in favor of Christine Dolby that the mortgage debt is an obligation of and shall be paid from the estate of Cornelius A. Dolby.

Reversed and final judgment.

7