STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-203

WILMINGTON SAVINGS FUND )
SOCIETY, FSB, as trustee of )
STANWICH MORTGAGE LOAN )
TRUST A, )
)
      Plaintiff/Cross-Claim )
      Defendant )
)
   v. )
)
DORTHY M. YORK and BARRY )
LAMB, personal representative of the )
estate of WILLIAM F. YORK, )
)
      Defendants/Cross- )
      Claim )
      Defendant/Cross- )
      Claim Plaintiff )
)
   and )
)
CLARE LABRECQUE and SCOTT )
LABRECQUE, )
)
      Parties-in- )
      Interest/Cross- )
      Claim Plaintiff/Cross- )
      Claim Defendant )
)
   and )
)
DEPARTMENT OF THE TREASURY )
– INTERNAL REVENUE SERVICE, )
)
      Party-in-Interest. )

ORDER ON PARTIES-IN-INTEREST CLARE AND SCOTT LABRECQUE'S MOTION FOR SUMMARY JUDGMENT

REC'D CUMB CLERKS OFC
AUG 1 '19 AM8:47

Pending before the Court is parties-in-interest/cross-claim plaintiffs/cross-claim defendants Clare and Scott LaBrecque's motion for summary judgment on plaintiff/cross-claim defendant Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust A's (the "Bank") complaint. For the following reasons, the motion is denied.

I.    Background

On April 20, 2006, William York executed a promissory note to pay Bank of America, N.A. $690,596.00 and secured it with a mortgage on 26 Castle View Drive, Yarmouth, Maine (the "Property").[1] (Pl.'s A.S.M.F. ¶ 1.) In 2014, Bank of America endorsed the note in blank and assigned the mortgage on the Property to the Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3. (Pl.'s A.S.M.F. ¶ 3.) On February 1, 2016, this assignment was rescinded by Bank of America. (Pl.'s A.S.M.F. ¶ 4.) On July 14, 2017, the mortgage was assigned to Plaintiff Bank. (Pl.'s A.S.M.F. ¶ 5.) Defendant Dorothy York and William York owned the Property as joint tenants by virtue of their deed dated May 25, 2005. (PIIs' S.M.F. ¶ 10.)

In late 2010, William York obtained a loan for $204,446 from the LaBrecques and secured it with a mortgage on the Property. (Pl.'s A.S.M.F. ¶ 2.) On April 15, 2015, the LaBrecques obtained a judgment for foreclosure and sale against William York. (Pl.'s A.S.M.F. ¶ 6.) The LaBrecques thereafter purchased William York's interest in the Property. (Pl.'s A.S.M.F. ¶ 9.) Their deed provides that they own a 50% undivided interest in the Property which is "subject to a first mortgage of record recorded in said Cumberland County Registry of Deeds Book 23876 Page 72." (Pl.'s A.S.M.F. ¶ 10.) The first mortgage of record referenced in the LaBrecques' deed is the mortgage on which the Bank is attempting to foreclose in this action. (Pl.'s A.S.M.F. ¶ 11.)

On November 29, 2016, William York died. (PIIs' S.M.F. ¶ 12.) Currently, Dorothy York and the LaBrecques are the owners of the Property. (PIIs' S.M.F. ¶ 14.) The Bank has

---

[1] William York was the sole borrower under the promissory note and was listed as the sole borrower on the mortgage as well as being listed as an owner. (PIIs' S.M.F. ¶¶ 4-9.) Defendant Dorothy York was not listed on the promissory note and was not listed as a borrower on the mortgage but was listed as an owner of the Property on the mortgage. (PIIs' S.M.F. ¶¶ 4-9.)

commenced a foreclosure action on the mortgage and promissory note that were secured by the Property. (Plls' S.M.F. ¶¶ 1-9.)

The Bank filed its complaint for foreclosure on August 13, 2018 and an amended complaint on January 28, 2019. The LaBrecques filed an answer to the Bank's complaint and a counterclaim for unjust enrichment against the Bank on September 6, 2018, and they filed an answer to the Bank's amended complaint on March 6, 2019. The Bank filed an answer to the LaBrecques' counterclaim on September 26, 2018.

The LaBrecques filed the instant motion for summary judgment against the Bank on March 11, 2019. The Bank filed an opposition on March 28, 2019, and the LaBrecques filed a reply on April 5, 2019.

## II. Standard of Review

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CityMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179.

On summary judgment, the court considers reasonable inferences that may be drawn from the facts. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18. Additionally, the nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." *Id.* (quotation marks omitted). "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.*

## III. Discussion

The LaBrecques bring this motion for summary judgment to preclude the Bank from foreclosing on their undivided 50% interest in the Property as a matter of law. The LaBrecques argue that the note and mortgage on which the Bank is attempting to foreclose were executed solely by William York and because that debt belonged solely to William York, who is no longer an owner of the Property due to his death, the Bank's proper course to satisfy the debt owed to them is through a claim on William York's estate in probate court. To support their position, the LaBrecques point to Virginia case law which they believe to be the controlling law in this proceeding. The Bank argues that Maine law applies in this case and that because the LaBrecques' mortgage was junior to the Bank's mortgage, the Bank may foreclose on the entire property, not just on Dorothy York's 50% interest.

A. Choice of Law

"When a contract contains a choice of law provision, [Maine] generally will interpret the contract under the chosen state's laws." *Stenzel v. Dell, Inc.*, 2005 ME 37, ¶ 7, 870 A.2d 133. Based on a choice of law provision[2] in the Bank's mortgage, the LaBrecques contend that Virginia law controls the substantive issues in this case, while the Bank argues that Maine law should apply. To support its argument, the Bank notes that the choice of law provision states, in part:

---

[2] The choice of law provision reads as follows:

> With respect to procedural matters related to the perfection and enforcement of Lender's rights against the Property, this Security Instrument will be governed by federal law applicable to Lender and to the extent not preempted by federal law, the laws of the State of Maine. In all other respects, the Security Instrument will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Commonwealth of Virginia without regard to its conflicts of law provisions. However, if there ever is a question about whether any provision of this Security Instrument is valid or enforceable, the provision that is questioned will be governed by whichever state or federal law would find the provision to be valid and enforceable.

(Plls' S.M.F., Ex. B, p. 4.)

> [I]f there ever is a question about whether any provision of this Security Instrument is valid or enforceable, the provision that is questioned will be governed by whichever state or federal law would find the provision to be valid and enforceable.

(Pl.'s Opp. S.M.F. ¶¶ 17-18.) Based on this language, the Bank contends that because the LaBrecques are challenging the Bank's right to foreclose under the mortgage, even if Virginia law prohibited foreclosure under the facts of this case, the Court would be required to look to the laws of another state, such as Maine, for authority of the Bank to foreclose.

The Court finds the quoted language is invalid. Maine "will enforce a contractual choice of law provision unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue." *Schroeder v. Rynel, Ltd.*, 1998 ME 259, ¶ 8, 720 A.2d 1164. This provision asks the Court not to look to the relationship that a state has to the parties or the litigation, but rather to the effect a state's law has on the outcome of the proceeding. This violates Maine's law regarding conflicts of law.

The valid portion of the choice of law provision states that Virginia law will apply except when preempted by federal law or with respect to procedural matters. (Pls' S.M.F. ¶¶ 17-18.) Thus, assuming no federal preemption, whether Maine or Virginia law applies depends on whether the issue presented is substantive or procedural. The Bank is seeking to enforce the mortgage signed by William York, which is a substantive right. The LaBrecques are seeking to preclude the Bank from pursuing the foreclosure because they believe the Bank must seek recovery through William York's probate estate, which is a

procedural issue. The Court finds that the issue at the heart of this case is the enforcement of the Bank's right to foreclose on the Property. Therefore, Virginia law applies.

B. Foreclosure

The LaBrecques cite the case *Dolby v. Dolby*, 694 S.E.2d 635 (Va. 2010), for the proposition that the Bank cannot foreclose on the LaBrecques' 50% undivided interest in the Property. However, *Dolby* does not address the foreclosure rights of a mortgage holder, but rather it is a probate case that addresses whether a mortgagor's estate is responsible for mortgage payments when the mortgagor dies or whether the responsibility runs with the property. *See Dolby*, 694 S.E.2d at 636-37. While William York's estate may be liable for payments on the mortgage, this does not affect the Bank's right to foreclose on the Property as long as the Bank has complied with Maine's foreclosure requirements. *See* 14 M.R.S. §§ 6321-6325 (2018).

Virginia is a race-notice state. *See* Va. Code § 55-96 (2018). "As such, it adheres to a first in time, first in right priority scheme. The first to properly record a lien against real property with the Clerk's Office of the applicable jurisdiction has priority over subsequently recorded liens." *Cruickshanks v. Pemberton Oaks Townhouse Ass'n*, 512 B.R. 814, 818-19 (Bankr. E.D. Va. 2014). Furthermore, "[w]hen a foreclosure occurs, the sale proceeds are used to pay off lien holders in the downstream order of their priority, with the upstream lienholder remaining unaffected." *Atl. Tr. Servs., LLC v. Cortez*, 2018 Va. Cir. LEXIS 4, at *14 (Cir. Ct. Jan. 10, 2018).

The LaBrecques owned a mortgage that was junior to that of the Bank's mortgage on the Property. (Pl.'s A.S.M.F. ¶ 7.) The LaBrecques foreclosed on their mortgage and obtained a judgment of foreclosure and sale. (Pl.'s A.S.M.F. ¶ 6.) That judgment states that the "LABRECQUES are junior mortgage holders" and "Christina [sic] Trust is a priority mortgage holder." (Pl.'s A.S.M.F. ¶ 7.) The judgment of foreclosure and sale

further states that the "LABRECQUES (through its agents or attorneys) shall proceed with a sale of YORK'S interest in the real estate . . . free and clear of all liens, except senior to LABRECQUES." (Pl.'s A.S.M.F. ¶ 8.) The LaBrecques purchased the interest in William York's estate that they foreclosed on through a quitclaim deed without covenant. (Pl.'s A.S.M.F. ¶ 9.) The LaBrecques' deed states that they received a "fifty (50%) percent undivided interest in the property" that was "subject to a first mortgage of record." (Pl.'s A.S.M.F. ¶ 10.) The first mortgage of record referred to in the LaBrecques's deed was the Bank's mortgage. (Pl.'s A.S.M.F. ¶ 11.)

The Bank is not precluded from foreclosing on the entire estate, as the LaBrecques' deed was subject to the Bank's mortgage. *See Fox v. Templeton*, 329 S.E.2d 6, 9 (Va. 1985).

IV.     Conclusion

For the foregoing reasons, Parties-in-Interest Clare and Scott LaBrecques' Motion for Summary Judgment is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: __8/1/19__

_____
Mary Gay Kennedy, Justice
Maine Superior Court

Plaintiff-Ian Brown, Esq.
Def Doroty York-William Kennedy, Esq.
PIIs Labrecques-Maura Horodyski, Esq.
PIIs IRS-Andrew Lizotte, Esq.
PR Lamb-Pro Se

Entered on the Docket: __8/6/19__

mc/